# SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1886.

[No. 1213.]

E. REINHART ET AL., APPELLANTS, *v.* J. D. BRADSHAW, RESPONDENT.

PUBLIC LANDS — HOMESTEAD — TENANTS IN COMMON. — A tenant in common cannot acquire a right of homestead to government land of which he is in possession for himself and his co-tenants.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are stated in the opinion.

*W. E. F. Deal*, and *MacMillan & Hannah*, for Appellants:

I. Plaintiffs' title was one which is recognized by the courts and which is protected by our statute. (*People* v. *Shearer*, 30 Cal. 657; *Moon* v. *Rollins*, 36 Cal. 333;[1] *Bush* v. *Marshal*, 6 How.

[1]  95 Am. Dec. 181.

288; *Sparrow* v. *Strong*, 3 Wall. 104; *Lamb* v. *Davenport*, 1 Saw. 622; *Courtney* v. *Turner*, 12 Nev. 348; *Atherton* v. *Fowler*, 96 U. S. 513; *Nickals* v. *Winn*, 17 Nev. 194; 1 Comp. L. 58, et seq., vol. 2, sec. 3825.)

The court below found as a fact that defendant ousted the plaintiffs, and defendant's acts resulted in dispossessing plaintiffs as completely as if actual force had been used. (Tyler on Eject. 882, 904; Freem. Cot., secs. 223, 235, 291, 292; 3 Wait's Act. and Def. 28, 42, 43; *Van Valkenberg* v. *Huff*, 1 Nev. 142; *Mallett* v. *Uncle Sam G. & S. M. Co.*, 1 Nev. 188;[1] *Mining Co.* v. *Taylor*, 100 U. S. 40; *Humbert* v. *Trinity Church*; 24 Wend. 587; 2 Wash. on Real Prop. 491; *Owen* v. *Morton*, 24 Cal. 376; *Carpentier* v. *Gardner*, 29 Cal. 163; *Marshall* v. *Shafter*, 32 Cal. 194; *Siglar* v. *Van Riper*, 10 Wend. 414; 2 Greenl. Ev., sec. 318; Freem. Cot., secs. 297 et seq.)

II. The possession of the defendant in this case was the possession of the plaintiffs. The relation which existed between them by virtue of their tenancy in common was of such a character that neither could legally do anything to injure or impair the title of the other. (Freem. Cot., secs. 151, 152, 153, 156, 163; *Venable* v. *Beauchamp*, 3 Dana (Ky.) 321; 28 Am. Dec. 83; *Switzer* v. *Skiles*, 3 Gil. 529; 44 Am. Dec. 724; *Rothwell* v. *Dewees*, 2 Black. 618; *Boskowitz* v. *Davis*, 12 Nev. 465; *Titsworth* v. *Stout*, 49 Ill. 81;[2] *Lloyd* v. *Lynch*, 28 Pa. St. 423;[3] *Weaver* v. *Wible*, 25 Pa. St. 27;[4] *Mandeville* v. *Solomon*, 33 Cal. 38; *Hardenburgh* v. *Bacon*, 33 Cal. 356; *Phelan* v. *Kelly*, 25 Wend. 291; *King* v. *Wise*, 43 Cal. 633; *Bornheimer* v. *Baldwin*, 42 Cal. 34; *McNeil* v. *First Con. Soc.*, 66 Cal. 105.)

III. Upon the authority of *Nickals* v. *Winn*, 17 Nev. 192, the judgment in this case should be reversed, and a judgment, on the facts found, ordered in favor of plaintiffs. (*Frisbie* v. *Whitney*, 9 Wall. 193; *Atherton* v. *Fowler*, 96 U. S. 513; *Johnson* v. *Towsley*, 13 Wall. 72; *Hosmer* v. *Wallace*, 97 U. S. 575; *Trenouth* v. *San Francisco*, 100 U. S. 251; *Hosmer* v. *Duggan*, 56 Cal. 261; *Davis* v. *Scott*, 56 Cal. 165; *Cowell* v. *Lammers*, 10 Saw. 246; *Smelting Co.* v. *Kemp*, 104 U. S. 647.)

*R. M. Clarke* and *M. S. Bonnifield*, for Respondent:

I. Respondent possesses the qualities of a pre-emptor, and having declared his intention to enter the land, and received his certificate, has thereby connected himself with the para-

[1] 90 Am. Dec. 484.   [2] 95 Am. Dec. 577.   [3] 70 Am. Dec. 137.   [4] 64 Am. Dec. 696.

mount title, and may plead this title in defense of his possession.

The inchoate title in fee thus acquired is superior to the mere possessory right, and will prevail against it in an action of ejectment. (*Kyle* v. *Tubbs*, 28 Cal. 402; *Emerson* v. *Sansome*, 41 Cal. 552.)

II. Appellants as partners did not possess the qualities of pre-emptors. The right of pre-emption appertains only to individuals. It is a personal privilege which cannot be assigned; nor can it be exercised for the benefit of others.

Pre-emption must be made for the exclusive use and benefit of the applicant. (Rev. Stat. U. S., secs. 2262, 2290; Copp's Land Laws, 56; *Oaks* v. *Heaton*, 44 Iowa, 116; *Miller* v. *Little*, 47 Cal. 350.)


By the Court, BELKNAP, C. J.:

The parties hereto were tenants in common of the tract of land in controversy. At the time plaintiffs acquired their interest, defendant was residing upon the premises. In consideration of his occupancy, and of the use of certain farming implements and horses owned by the parties as tenants in common, and of other matters immaterial here, defendant agreed to cultivate the land and return plaintiffs one fourth of the crop of grain grown thereon. Under this agreement defendant occupied and cultivated the land for two seasons, and engaged to do so for a third; but during the third season, and on or about the thirty-first day of July, 1882, plaintiffs learned from defendant, for the first time, that his cultivation of the land was not for their use or benefit, as during the preceding seasons, and that he had, on the twenty-first day of January preceding, preferred a claim to the land under the homestead laws of the United States. Upon these facts plaintiffs brought the present action of ejectment. Defense is made upon the homestead claim.

The case presents but a single point: Was the land subject to pre-emption? In other words, can a tenant in common acquire a right of homestead to government land of which he is in the possession for himself and his co-tenants?

In *Nickals* v. *Winn*, 17 Nev. 188, the plaintiff was in the possession of a large tract of the public land. He neglected to

avail himself of his right to purchase in preference to others, and Winn, taking advantage of the situation, undertook to purchase one hundred and sixty acres thereof from the government. It was held, upon the authority of *Atherton* v. *Fowler*, 96 U. S. 513, and other decisions referred to in the opinion, that the right of pre-emption could not be exercised upon land occupied by another. "The generosity by which Congress gave the settler the right of pre-emption," said the court in that case, "was not intended to give him the benefit of another man's labor, and authorize him to turn that man and his family out of their home. It did not propose to give its bounty to settlements obtained by violence at the expense of others. The right to make a settlement was to be exercised on unsettled land—to make improvements on unimproved land. To erect a dwelling-house did not mean to seize another man's dwelling. It had reference to vacant land—to unimproved land—and it would have shocked the moral sense of the men who passed these laws if they had supposed that they had extended an invitation to the pioneer population to acquire inchoate rights to the public lands by trespass, by violence, by robbery, by acts leading to homicides, and other crimes of less moral turpitude."

The present action is sought to be distinguished from *Atherton* v. *Fowler*, and kindred cases, upon the ground that the defendant was not personally in the actual possession of the premises at the time of the eviction. The parties being tenants in common, the possession of the defendant was for the benefit of his co-tenants as well as himself. Occupied lands are exempted from the provisions of the pre-emption laws upon the presumption that Congress could not have intended to invite the disorder and violence which would follow the invasion of homes made by settlers upon the public lands. The evils against which the rule is directed are subject to occur where lands are held by such a constructive occupancy as the facts of this case present, and we think it falls within the principle ruled in the class of decisions upon which *Nickals* v. *Winn* is based.

Counsel for appellant has referred us to the case of *Emerson* v. *Sansome*, 41 Cal. 552, as opposing this view. That case was decided before the decision in *Atherton* v. *Fowler* established the contrary doctrine.

The judgment of the district court must be reversed, and the cause remanded, with instructions to enter a judgment in favor of the plaintiffs for the possession of the demanded premises with the defendant, as tenants in common, and for costs. It is so ordered.