## FLORIDA SOUTHERN R. CO. *v.* LORING.

*(Circuit Court of Appeals, Fifth Circuit.  June 20, 1892.)*

### No. 29.

**1. EJECTMENT—TITLE TO SUPPORT—POSSESSION.**
In ejectment, no length of chain of title by deeds which does not reach back to the sovereignty of the soil, and which fails to show possession by one of the grantors, is in itself sufficient to constitute *prima facie* evidence of title which would require defendant in possession to defend his possession; and the payment of taxes by plaintiff on the land conveyed by such deeds does not, as a matter of law, show possession.

**2. SAME—PROVINCE OF COURT AND JURY—CONSTRUCTION OF INSTRUMENTS.**
The trial judge should construe deeds and other written instruments given in evidence in ejectment, and instruct the jury as to their legal effect, and as to how far recitals in such instruments are binding upon the parties and privies thereto; but, if such recitals can be used at all against strangers, they must be submitted with proper instructions to the jury, and their force is not to be weighed by the judge simply because they are part of a deed.

**3. SAME—EVIDENCE OF POSSESSION—INSTRUCTIONS.**
Where, in ejectment, the land sued for consists of two blocks in a populous city, and it is shown that many persons hold possession under grants from plaintiff's grantors, as such evidence tends to show that the grantors must have had possession, it is error in the trial judge to withdraw this issue of fact from the jury.

**4. SAME—ADVERSE POSSESSION—OWNER'S KNOWLEDGE.**
Under the Florida statute, relating to adverse possession by one claiming title not founded upon a written instrument or a judgment, the question of such possession is not affected by the owner's ignorance of the adverse holding. And where a railroad laid its track on land under a claim of right more than seven years before the beginning of a suit in ejectment for such land, and openly used the track for the daily passing of its trains without the consent of the owners, such use is adverse, and the company has acquired the permanent right to continue the same.

In Error to the Circuit Court of the United States for the Northern District of Florida.

Action in ejectment by Caleb W. Loring against the Florida Southern Railroad Company. Verdict and judgment for plaintiff. Defendant brings error. Reversed.

*John Wurts*, for plaintiff in error.

*H. Bisbee*, for defendant in error.

Before McCORMICK, Circuit Judge, and LOCKE and BILLINGS, District Judges.

McCORMICK, Circuit Judge. This is an action of ejectment. Declaration is in the usual form. The plea is not guilty, which puts in issue the title to the land in controversy. The action was brought by defendant in error in the circuit court for the northern district of Florida, and trial had in that court, January 6, 1892, the district judge Hon. Charles

SWAYNE presiding, which resulted in a verdict and judgment in favor of defendant in error. The defendant in ejectment sued out this writ of error, and has filed an assignment of errors, with 14 separate specifications. The first six relate to the action of the trial judge in the admission of testimony over the objection of plaintiff in error. On the record as brought up to us, it does not appear that the action of the trial judge was erroneous in admitting the evidence. The other eight specifications of error relate to charges given and to requested charges refused. We will not consider them separately. They may be easily resolved into two: *First*, that the judge erred in instructing the jury that the plaintiff in ejectment had by the evidence made out a *prima facie* case of title to the lots in controversy; *second*, that the defendant in ejectment could not defeat the plaintiff's *prima facie* evidence of title by showing it had held seven years' possession of the premises, unless the proof satisfied the jury that the possession had been so held with the knowledge of the plaintiff. The plaintiff read in evidence deeds which made a chain of paper title back for many years, but not to the sovereignty of the soil. The only proof that any of the grantors in these deeds were ever in possession of the premises sued for was certain recitations in one of the deeds, and evidence that the premises were a part of what was known as the "Palatka Tract;" and that the corporate limits of the town of Palatka were the boundaries of the Palatka grant, which grant embraces 1,220 acres, more or less; that plaintiff had possession of the deeds, and had paid taxes. No length of chain of paper title which does not reach the sovereignty of the soil is sufficient of itself to constitute *prima facie* evidence of title.

There must, in addition, be proof that satisfies the jury that at least one of the grantors in this chain of deeds had been in possession of the premises, where the chain does not reach back to the sovereignty, before the defendant in possession can be required to defend his possession. It is certainly the province of the judge to construe written instruments given in evidence, and instruct the jury as to their legal effect, and as to how far parties and privies are bound by the recitals in deeds or other writings. If recitals in ancient instruments can be used against strangers, their probative force is not to be weighed by the judge merely because they are a part of a deed, but must, under proper instructions, be submitted to the jury. The mere possession of deeds and the payment of taxes do not, as matter of law, show possession of the land conveyed. *Dubois* v. *Holmes*, 20 Fla. 834; Tyl. Ej. 541; 1 Phil. Ev. 356, and note 3.

The land sued for was two blocks in an incorporated town. It is urged by the counsel for defendant in error in his oral argument that the town is a populous one, with many persons holding possession under grants from plaintiff's grantors. If it be conceded that such evidence tends to show that the grantors must have had possession, it cannot withdraw this issue of fact from the jury. We are of opinion that in withdrawing this issue of fact from the jury the learned trial judge erred. The defendant in ejectment proved that it constructed its railroad on the

land sued for more than seven years before the commencement of this action, and that during all of those seven years its said railroad has been in daily operation on said land; and this was all the proof that it offered.   The plaintiff then gave in evidence to the jury an ordinance of the city of Palatka dated March 13, 1880, granting to the Gainesville, Ocala & Charlotte Harbor Railroad "right of way to lay down and establish its tracks, switches, and turn-outs upon and along Main street, and to operate its train upon the same, so long as the company may desire." He also offered proof tending to show that defendant company was the same company, with a change of name.   That Main street extended from Second street on a course north, 80 deg. W., and from the river (St. John's) out to Second street its course was 2 deg. 30 min. further north; that the street is 70 feet wide, and is projected on the map to the city limits, a mile or more from the river, but has not been opened or defined on the ground much beyond the built-up portion of the town, which does not extend more than about one quarter of a mile from the river; that the land in question is within the city limits, and about three quarters of a mile from the populous part of the town.   The railroad starts from the St. John's river, at the foot of Main street, and is built in a westerly direction, and its track, roadbed, and ditches cross the blocks sued for throughout the whole width of each, and from 50 to 60 feet from the nearest line of Main street.   Measuring from the outside edge of one ditch to the outside edge of the other ditch, lining the roadbed, it occupies a width of 24 feet.   In this state of the proof the judge in his general charge used this language:

"If you find from the testimony that that railroad was laid down across the plaintiff's lots under a claim of right, and that the plaintiff knew it more than seven years before the bringing of this suit, then he cannot recover in this case.   If they did not go there under a claim of right, and if the plaintiff did not know that they were there with the intention of remaining, seven years before the bringing of this suit, then he is entitled to recover a verdict."

And refused to charge, as requested by the defendant, that—

"If you find from the evidence that the defendant in the year 1882, or more than seven years before the beginning of this suit, under a claim of right, laid its track on the land in question, and, from the time of laying the track until the beginning of the suit, visibly, openly, and notoriously used the said track for the daily passing and repassing of its trains without the consent of the owners of the land, then such use of the land by the railway company has been adverse to the true owner, and the railway company has acquired the permanent right to continue such use, irrespective of the question of title."

Counsel for defendant in error contends that the railroad only claimed an easement over the land, and insists that such easement cannot be acquired against the true owner, unless the latter has knowledge of the claim, and acquiesces in it for the requisite period of time.   As to certain easements, such as lights, authorities can be found in the English reports for this contention of counsel.   But it will be found that the doctrine, even in England, is restricted in its application to such easements as inflict no immediate and palpable injury to the owner's possession, but, as to rights of way and of common, the doctrine has not

obtained. *Campbell* v. *Wilson*, 3 East, 301; *Daniel* v. *North*, 11 East, 374; *Smith* v. *Doe*, 6 E. C. L. 258. In *Sargent* v. *Bullard*, 9 Pick. 251, there is language in the opinion of Judge PUTNAM that appears to extend the doctrine to easements generally, but the question of knowledge of the owner was not involved in that case, and the distinctions were evidently not considered by him. We are, however, of opinion that the statute of Florida is controlling in this matter. It provides:

"For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, land shall be deemed to have been possessed and occupied in the following cases only: *First*, where it has been protected by a substantial inclosure; or, *second*, where it has been usually cultivated or improved."

We are of opinion that to add the words, "with the knowledge of the owner," would be an amendment of the statute. That whether possession is open, notorious, continuous, exclusive, without leave or favor from the owner of the fee,—in other words, adverse to him,—is a question for the jury to decide on the proof, and is in no manner affected by the owner's ignorance (if he was ignorant) of the adverse holding; and that there was error in the charge given in this case on this point, and in refusing to give the requested charge indicated. For the errors herein noted the case is reversed, and remanded to the circuit court, with direction to grant the defendant in ejectment a new trial, and it is so ordered.