[No. 1384.]

### J. R. BROWN, RESPONDENT, *v.* H. A. KILLABREW, APPELLANT.

EJECTMENT—PERMISSIVE OCCUPANCY OF LANDS.—One who has purchased and received a conveyance of the improvements and possessory right of a settler on unsurveyed public lands, is entitled to recover in ejectment against one who entered by his permission and afterwards refused to surrender possession.

IDEM—POSSESSION BY TENANTS.—A person may purchase and take a conveyance of the improvements and possessory right of a settler on unsurveyed public lands, and occupy the lands through tenants; and proof of such possession is sufficient in ejectment against a trespasser.

IDEM—DISPUTE OF POSSESSION BY LESSEE.—Where a person enters on unsurveyed public land and works the same on shares with one who has purchased the improvements and possessory right of the original settler, he cannot dispute the latter's possession.

IDEM—RIGHT OF POSSESSION—APPLICATION FOR HOMESTEAD.—Where one enters on inclosed and improved unsurveyed public land and occupies it with the consent of the owner of the inclosures and possessory right, he cannot refuse to surrender and claim a right of possession on the ground that the title is in the United States; and it is immaterial that by making an application for the land as a homestead he intends to connect himself with the government title.

IDEM—PRIORITY OF POSSESSION.—When no better right than possession is shown, he who is prior in time is prior in right.

APPEAL from the District Court of the State of Nevada, Humboldt county.

*A. E. Cheney*, District Judge.

The facts sufficiently appear in the opinion.

*L. A. Buckner*, for Appellant.

I.   The complaint failed to allege that respondent was entitled to the possession of the land. The possessor of land is not necessarily entitled to the possession.

II.   The district court had no jurisdiction. Public lands cannot be entered in the state of Nevada until the quota of the state is full, except under the homestead laws. (U. S. Stat. at Large, Vol. 14, p. 85; Gen. Stats. of Nev. Sec. 29, title, Grants of Land.)

*M. S. Bonnifield*, for Respondent.

I.   The courts zealously enforce the law made to protect men in their rights against those who unlawfully attempt to appropriate the property of others. (*Nickals* v. *Winn*, 17 Nev. 188; *Gondar* v. *Miller*, 27 Pac. Rep. 333.)

By the Court, MURPHY, C. J.:

Action of ejectment for the recovery of the possession of one hundred and sixty acres of unsurveyed land. The court found in favor of the plaintiff and against the defendant. A motion for a new trial was overruled and defendant appeals.

The plaintiff bases his right to recover upon prior possession and the fact that the defendant moved onto the land and occupied the house thereon with the consent of the plaintiff. The answer denies the plaintiff's possession and his right thereto; alleged that in the month of April, 1891, the defendant made a peaceable entry on the land described in the complaint; that he has had peaceable possession of said land ever since, with the bona fide intention of claiming the same as and for a homestead.

The evidence in this case establishes the fact that the plaintiff

purchased the possessory right of one Metcalf in 1889. At the date of said purchase the land was inclosed with a fence of posts and barbed wire. There was a dwelling house, stable and cross fences on the land. During the year 1890 the plaintiff leased the land to the son of his grantor. In the spring of 1891 the defendant asked permission of the lessee of the plaintiff to move into the house on the land in controversy, giving as a reason that if the water would continue to rise it would drive him out of his own house, and after obtaining the consent of the plaintiff, Metcalf, the lessee, told the defendant where he could find the key to the door of the house and to move in, as he (Metcalf) was going away.

It also appears that the plaintiff and defendant cultivated a portion of the land in dispute; the plaintiff furnishing teams, seed and farming implements against the defendant's labor. All other expenses were to be borne equally between them; the crops, when gathered, to be divided, share and share alike. This agreement continued during the years 1891 and 1892. In January, 1893, the plaintiff was informed that the defendant was claiming the land as a homestead, demanded possession of the same and was refused; hence this action. The plaintiff never lived upon the land in person; after he purchased the possessory right and the improvements from Metcalf, Sr., he leased the same to Metcalf, Jr., who remained in possession as the tenant of the plaintiff until the spring of 1891, when he allowed the defendant to enter as above stated.

The principal question presented by the record in this case is the same as decided by this court in *Nickals* v. *Winn*, 17 Nev. 192, and *Gonder* v. *Miller*, 21 Nev. 180. We are satisfied with the conclusions reached in each of the decisions, and they must be held conclusive of such questions. (See, also, *Rourke* v. *McNally*, 33 Pac. Rep. 62, and authorities therein cited.)

The appellant contends that the court erred in denying his motion to strike out the deed from Metcalf to plaintiff, which had been admitted in evidence; the grounds of objection being that, if the plaintiff claimed either under the federal law or intended to apply to the state to purchase the land, he would have to show occupancy in person, not by another.

We know of no law, federal or state, forbidding the sale of possessory rights to the unsurveyed public lands and the improvements thereon, and the deed was admissible in evidence

to show from whence the plaintiff derived his right of possession, and to establish his ownership of the fences, houses, barns, water rights and ditches.    Possession is defined to be a subjection to the will and dominion of the claimant, and is usually evidenced by occupation, by a substantial inclosure, by cultivation or by appropriate use.    We think that the plaintiff was in actual possession of the premises in dispute by his right of possession through his deed from Metcalf, Sr., his inclosures, improvements and through his tenant George Metcalf, Jr., who testified that he was living with his father on the land in dispute when father sold to Brown.    Father left for California.    I looked after the place for Mr. Brown until May, 1891.    In October, 1889, I leased the place of Mr. Brown.    I paid him two dollars and fifty cents for the first month, and plowed about twelve acres of land for the balance of the rent.    I left the place in May, 1891.

In the spring of 1891 the appellant entered upon the land with the consent of Metcalf, Jr., or Brown, or both, as testified to by Brown; whichever way it was it is immaterial, as the defendant himself admits that the plaintiff and himself worked the land together during the years 1891 and 1892, which constituted them tenants in common as to the crops at least, and the possession of the defendant was for the benefit of the plaintiff as well as for himself.    (*Reinhart* v. *Bradshaw*, 19 Nev. 258.)    Under the above facts the defendant is estopped to dispute the possession of the plaintiff to the premises in controversy, and when he refused to surrender possession to the plaintiff after the division of the crops in 1892 he became a naked trespasser, claiming an unwarranted entry upon the inclosure of the plaintiff; and it has been held by all courts since the decision in the case of *Atherton* v. *Fowler*, 96 U. S. 513, that a person cannot forcibly or surreptitiously enter upon the actual inclosure of another on the ground that the title is in the United States, and thereby acquire a right or possession to the land within the inclosure.    And the mere fact that the defendant alleged that at some future time he intended to connect himself with the government title by making application for the land as a homestead did not give him any right as against the plaintiff, who was rightfully in possession of the land at the date of the alleged ouster; for when no better title than possession is shown, he who is prior in time is prior in right.

The judgment and order appealed from are affirmed.