## CORNELL *v.* GOBIN

No. 2675

August 5, 1925.                    238 P. 344.

1. APPEAL AND ERROR—STATUTE OF FRAUDS CANNOT BE RAISED FOR FIRST TIME ON APPEAL.

   Statute of frauds cannot be raised for first time on appeal.

2. EJECTMENT—EVIDENCE HELD NOT TO SHOW THAT PARTY THROUGH WHOM PLAINTIFFS CLAIMED HAD SURRENDERED LAND TO DEFENDANT.

   In action in ejectment to recover possession of unsurveyed government land, evidence *held* not to show that company through whom plaintiffs claimed had surrendered land to defendant.

3. EVIDENCE—WHERE TRUSTEE IN BANKRUPTCY HAD SOLD PROPERTY UNDER ORDER OF COURT, THERE IS A PRESUMPTION THAT BANKRUPT LISTED PROPERTY AMONG ITS ASSETS.

   Where trustee in bankruptcy has sold property under order of court, there is a presumption that bankrupt listed property among its assets.

4. EJECTMENT — EVIDENCE HELD NOT TO SHOW THAT COMPANY THROUGH WHOM PLAINTIFFS CLAIMED LAND HAD ABANDONED IT.

   In action in ejectment to recover possession of unsurveyed government lands, evidence *held* not to show that company through whom plaintiffs claimed had abandoned land.

5. EJECTMENT—PLAINTIFFS HELD ENTITLED TO JUDGMENT FOR POSSESSION OF LAND, WHERE PARTY THROUGH WHOM THEY CLAIMED HAD BEEN IN ACTUAL POSSESSION OF PROPERTY AT TIME OF DEFENDANT'S ENTRY.

   Where, in action in ejectment to recover possession of unsurveyed government land, party through whom plaintiff claimed had been in actual possession at time of defendant's entry, and there was no showing that transfer of right to possession was made to defendant, *held* plaintiff was entitled to judgment for possession of premises.

6. EJECTMENT — WHERE NO LEGAL TITLE IS SHOWN IN EITHER PARTY, ONE SHOWING PRIOR POSSESSION IN HIMSELF HAS BETTER RIGHT.

Where no legal title is shown in either of adverse claimants to land, the one showing prior possession in himself or those through whom he claims has the better right.

7. EJECTMENT — PRIMA FACIE CASE IS ESTABLISHED IN ACTION IN EJECTMENT, WHEN PLAINTIFF PROVES PRIOR POSSESSION IN SOME ONE OF HIS GRANTORS IN HIS CHAIN OF TITLE.

Prima facie case is established in action in ejectment, when plaintiff proves prior possession in some one of his grantors in his chain of title.

8. PUBLIC LANDS — GOVERNMENT ONLY CAN RAISE QUESTION WHETHER CORPORATION CAN TAKE AND HOLD POSSESSION OF LAND, TITLE TO WHICH IS IN UNITED STATES.

In action in ejectment to recover possession of unsurveyed government land, whether corporation could take or hold possession of land, title of which was in the United States government, *held* to be question which government alone could raise.

See (1) 3 C. J. sec. 593, p. 701, n. 87; (2, 4, 5, 6, 7) 19 C. J. sec. 25, p. 1048, n. 92; sec. 33, p. 1056, n. 4; sec. 249, p. 1178, n. 30; sec. 251, p. 1180, n. 54; 1 C. J. sec. 8, p. 7, n. 36; (3) 22 C. J. sec. 68, p. 128, n. 83; sec. 82, p. 146, n. 51; (8) 32 Cyc. p. 821, n. 76; p. 823, n. 82.

APPEAL from Third Judicial District Court, Lander County; *W. R. Reynolds,* Judge.

Action by E. B. Cornell and another against Percy B. Gobin. From a judgment for defendant, and an order denying plaintiff's motion for a new trial, the latter appeal. **Judgment reversed, and cause remanded.**

*A. L. Haight,* for Appellants:

Defendant is not entitled to affirmative relief where no such relief is asked for by way of cross-complaint or counterclaim. Powers v. Van Dyke, 117 P. 797.

Where no legal title is shown in either party, one showing prior possession in himself or grantors has better right. Plaintiff in ejectment may recover against defendant having no better right and who relies solely on later possession or entry. 15 Cyc. 30; Staininger v. Andrews, 4 Nev. 59.

Possession of grantor inures to successor. Southerland, Pl. & Pr. 6301.

Right to government land cannot be initiated by trespass. Short v. Read, 30 Nev. 373; Nash v. McNamara, 30 Nev. 114.

What is necessary to constitute actual possession varied with localities and circumstances. Courtney v. Turner, 12 Nev. 345.

Surrender must be in writing. Rev. Laws, 1069.

Actual residence is not necessary on possessory claim; use and dominion are notice to world. Tidwell v. Cattle Co., 53 P. 192.

Jumper cannot oust squatter. Nickals v. Winn, 30 P. 435.

*Morley Griswold,* for Respondent:

Counsel for appellants correctly state law, but our contention is that Porter, Ryan, et al., up to and including Frank Company, were in actual possession; that it surrendered its possession to defendant; that he has been in possession ever since; that his possession is therefore lawful; that defendant did not eject or oust plaintiffs, and trial court so found, and finding is supported by uncontradicted evidence. Fallon Company, through which plaintiffs claim, never claimed or had possession, but recognized possession of defendant. Sankey v. Noyes, 1 Nev. 58.

Party may surrender right to property when it is dependent upon possession only. 1 C. J. 10; Gluckeuf v. Reed, 22 Cal. 369.

Supreme court will not disturb finding if supported by substantial evidence. Turley v. Thomas, 31 Nev. 181.

## OPINION

By the Court, DUCKER, J.:

This is an action in ejectment to recover possession of 80 acres of unsurveyed government land situated in the county of Lander, and damages for withholding possession. The trial was had before the court without a jury. Judgment was rendered in favor of defendant. Plaintiffs appeal from the judgment and order denying

their motion for a new trial. Plaintiffs never had possession of the land, but base their right of possession and to recover upon the following facts established by the evidence: The land was occupied from 1871 to 1876 by a man named Porter. In the fall of the latter year he sold it to one Dinsmore, who shortly afterwards transferred it to James Ryan. From 1876 to 1917 it was occupied every summer by Ryan and his family, and was known as the Ryan possessory claim. In 1917 the Ryans conveyed it by deed to the Frank Ranch and Cattle Company. On the 19th of December, 1921, the Frank Ranch and Cattle Company was duly adjudged a bankrupt. After due proceedings in the bankruptcy court, the land and improvements thereon were, by deed dated May 2, 1922, conveyed by the trustee in bankruptcy to the Fallon Land and Stock Company, a corporation. By deed dated July 11, 1923, the Fallon Land and Stock Company conveyed the property to plaintiffs herein. On or about August 2, 1923, E. B. Cornell, one of the plaintiffs, made demand of defendants for the possession of the premises, which was refused. The various acts of dominion over the land showed actual possession of it by Porter, Ryan, and Frank Ranch and Cattle Company.

1. Counsel for defendant concedes that they were respectively in actual possession of the land, but contends that, prior to the Frank Ranch and Cattle Company's being adjudged a bankrupt, it surrendered possession to defendant, and that he ever since has been in the lawful possession as found by the court. It is claimed that the uncontradicted evidence supports this contention. The evidence relied on is furnished by the testimony of the defendant, his wife, and his brother, H. D. Gobin. It is not contended that the Frank Ranch and Cattle Company made the surrender in writing. The defendant testified that he received no deed for the property from the Frank Ranch and Cattle Company. In this connection counsel for plaintiffs seeks to raise the question of the statute of frauds, and insists that we

should on this ground reverse the case and direct the lower court to enter a judgment for plaintiffs. But, so far as the record discloses, the plaintiffs made no objection on this ground to the evidence of the defendant touching the manner in which he claims to have acquired the property from the Frank Ranch and Cattle Company. The statute of frauds cannot be raised for the first time on appeal. The objection must first be taken in some appropriate way in the court below; otherwise it will be deemed to have been waived. 25 R. C. L. p. 743, and cases cited in note 17; Bommer v. American S. B. H. Mfg. Co., 81 N. Y. 468. We are of the opinion, however, that the evidence does not establish a parol surrender of the property by the Frank Ranch and Cattle Company to the defendant, or any abandonment, as is also claimed.

Substantially stated, the evidence of the defendant in this regard is as follows: H. D. Gobin was foreman of the Frank Ranch and Cattle Company, and as such had supervision of its several ranches, including the land in question, from December, 1917, to November, 1920. Defendant, who entered the employ of the company as a ranch hand in February, 1919, succeeded his brother as foreman when the latter resigned in December, 1920. He continued to act as such foreman for the company and for the trustee in bankruptcy until the 15th or 16th of January, 1922. He moved onto the land in February, 1922. In his testimony he says that some time in the summer of 1920 he went to the office of Louis Cohn in Reno and filed on the land; that one Sam Frank went with him and was present when he filed on the land; that the latter advised him to file on it. A short time afterwards, when the defendant went to the Fallon ranch belonging to the company, Frank had a surveyor there for him, and his brother took defendant and the surveyor to the place and waited while it was surveyed. This was done with the consent and approval of Frank. Later, when the defendant was going to Fallon for a bunch of cattle, he met Frank on the road. Frank had

defendant's filing paper and leave of absence for him to sign. Defendant signed them, and Frank took them to a place called Ione and mailed them. Defendant's brother, H. D. Gobin, testified that he had had a talk with Frank concerning the place, and that Frank wanted him to file on the land and take it up. He said he did not want it. He had talked with Frank about his brother taking the place, and knew of his own knowledge that he was there with Frank's consent. He heard the latter say that he had turned all of the company's interest to the defendant. He testified that his brother started in to reside on the place in February, 1922. The defendant's wife testified that they established their residence on the place in February, 1922. "He had a chance to make a home there," she said, "and get a homestead, and Sam Frank said he could have it, and why not take it?" She testified that she heard a conversation over the telephone between her husband and Frank, in which the former said he could not stay very much longer because his leave of absence was up, and if Frank wanted him to run his cattle for him he would have to put a man over there for him. in his place. Frank agreed to put a man there and pay his wages. In this connection, the defendant testified that the company put a man on the place by the name of Snell, and paid his wages, with the understanding that the company was to get the hay and use of the pasture for the pay of the man. Defendant paid Snell his wages by check, which he wrote for the company. It appears from the testimony of Snell, who was a witness for the plaintiff, that defendant, as foreman, employed him to work for the company. "Percy [defendant] employed me and paid me with a Frank Ranch and Cattle Company check; this is as far as I know," he said. Snell went to work on the land in question on the 6th day of February, 1921, and remained there until October or November of the same year. His work consisted of fixing fences, irrigating, and putting up hay. According to defendant's version, while Snell was paid by him with company checks, he was working for him on the place, under the arrangements previously stated.

2. It is apparent that the defendant's claim of a surrender by the Frank Ranch and Cattle Company is based entirely on transactions with Sam Frank, to the effect that defendant filed on it and assumed possession of it in his own right, with the consent and approval of Frank. On cross-examination, he stated: "Mr. Frank told me that he couldn't hold it any longer, and to file on it, and he would give me his interest; that is, the company's interest." The evidence does not show any surrender by the company. The most it shows is an attempt on the part of Frank to surrender the company's possession and right of possession to the defendant. But there is no evidence to show that Frank had any authority to bind the company in a transaction which would divest it of its possessory right to the land in question, and vest it in another. It is not disclosed what connection Frank had with the company. Nor is there any evidence to show that the company, with knowledge of the facts, ratified the transaction.

In this regard the defendant testified that Mr. Turritin, who, it is stated, was manager or president of the company, wrote him a letter in July, 1921, to the following effect: "He said that he had come over to see how me and my homestead was getting along." There is nothing in the contents of the letter to indicate that Turritin sanctioned Frank's acts or recognized defendant's claim to the land. That he had come over to see about it is about all that can be extracted from the statement attributed to him.

3. The Frank Ranch and Cattle Company having become a voluntary bankrupt, and the trustee in bankruptcy having sold the property to the Fallon Land and Stock Company under an order of court, we must presume that the Frank Ranch and Cattle Company listed the property among its assets. This presumption bears strongly against the claim that Sam Frank was authorized by the Frank Ranch and Cattle Company to surrender the property to defendant.

The defendant also claims that the land was abandoned by the company. What we have said as to the failure of proof as to a surrender by the company to the

defendant applies equally to the claim of abandonment. As stated in Mallett v. Uncle Sam Mining Co., 1 Nev. 188, 90 Am. Dec. 484:

"In determining whether one has abandoned his property or rights, the intention is the first and paramount object of the inquiry; for there can be no strict abandonment of property without the intention to do so."

See, also, Goldfield Con. v. O. S. A. Co., 38 Nev. 426, 150 P. 313.

4. There is no evidence in this case tending to show that the company intended to abandon the land.

It appears from the testimony that one Dodge, foreman for the Fallon Land and Stock Company, loaned defendant a team and wagon to move his belongings to the land and also offered to purchase the land from him, and it is urged that recognition of defendant's claim of ownership is thus shown. We do not see how the acts of the foreman could amount to a recognition by the company of the lawfulness of defendant's possession, or affect in any way the Fallon Company's right of possession. The loaning of the team and wagon is of no consequence, and the offer to buy does not appear to have proceeded from any authority given to the foreman by the corporation.

5-7. The evidence shows that the Frank Ranch and Cattle Company was in the actual possession of the property at the time of defendant's entry, and it does not appear that any transfer of the right of possession was made to him by the company. Defendant's possession was therefore, so far as the record shows, unlawful against the company and its successor in interest, including the plaintiffs. The plaintiffs, having proved their right of possession through the chain of title stated, were, under the facts, entitled to a judgment for the possession of the premises. Where no legal title is shown in either party, the party showing prior possession in himself or those through whom he claims will be held to have the better right. 15 Cyc. 30; 9 R. C. L. 850. The fact that the plaintiff's immediate grantor, the Fallon Land and Stock Company, was never in the actual possession of the land, does not affect their right to

recover in this action. In an action in ejectment, a prima facie case is established by plaintiff when he proves prior possession in some one of his grantors in his chain of title. 19 C. J. pp. 1055, 1056; Florida Southern R. Co. v. Loring, 51 F. 932, 2 C. C. A. 546. The plaintiffs proved prior possession in the Frank Ranch and Cattle Company and its successor in interest, the trustee in bankruptcy, from whom they deraign title through the Fallon Land and Stock Company.

8. Counsel for defendant contends also that the Fallon Land and Stock Company, being a corporation, could not take or hold possession of land, the title of which was in the United States government, and therefore could convey no right of possession to plaintiffs. This is a question which the defendant could not raise. It is open only to the government. Tidwell v. Chiricahua Cattle Co., 5 Ariz. 352, 53 P. 192, and cases cited.

The judgment is reversed, and the case remanded.

COLEMAN, C. J.: I concur.

SANDERS, J. (concurring):

This court, the court below, and counsel on both sides characterize this controversy as being an action in ejectment. The action is a possessory one to recover the possession of 80 acres of public land, but it is not and cannot be an action in ejectment under our practice. While it is usual to speak of the action to recover the possession of real property as an action of ejectment, yet technically and substantially there is no action of ejectment in Nevada. In Alford v. Dewin, 1 Nev. 207, decided in 1865, it is said, "We have in our practice no action of ejectment," and in the course of the opinion the court stated:

"Our action is one which may be brought merely to establish the right of possession as against defendant, or it may be one in which the ultimate right to the property is to be determined, therefore all the old common law rules are inapplicable."

Since we have in our practice no action of ejectment, I cannot say that plaintiffs were not prejudiced by the court's applying to their cause of action rules applicable

in an action of ejectment. As for example, the court was of opinion that the plaintiffs had not established their cause of action, because they were not in the actual possession of the property, and ignored their proof tending to show right to possession which was the vital point to be determined. Whatever be the nature of the action, the plaintiffs' deed and title papers in evidence showed from whence they derived their right of possession and their ownership of the improvements and water right appurtenant to the land. Brown v. Killabrew, 21 Nev. 437, 33 P. 865.

I shall not comment upon the defendant's evidence, but I apprehend that the defendant under the circumstances will have difficulty in curing the defect in his evidence pointed out in the opinion of Justice DUCKER for which a new trial is granted.