JACK G. PERRY and PATRICK C. CLARY, Individually and as Partners in PERRY AND CLARY, a Partnership, Appellants, v. LAW ENFORCE-MENT ELECTRONICS, INC., a Nevada Corporation, Respondent.

No. 6680

March 29, 1972 495 P.2d 355

*John Marshall,* of Las Vegas, for Appellants.

*Fadgen & Johnson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The respondent filed a complaint for declaratory relief

seeking a determination of whether respondent was indebted to appellants for certain legal fees. Appellants filed an answer and counterclaim. This appeal is from judgment denying appellants' counterclaim for legal services rendered.

Appellants contend that the lower court erred in refusing to allow a deposition of one of appellants' witnesses to be introduced into evidence. Appellants also contend that the district court's findings of fact and conclusions of law were not supported by the evidence introduced during trial.

At trial appellants sought to introduce into evidence the deposition of Richard L. Noble, a securities attorney from Los Angeles. Counsel for respondent stated that he objected to the deposition being offered into evidence, but that he would not object to it being published. The objection was sustained. For some reason, the deposition was not published and marked for identification, nor was an offer of proof made by appellants. There is nothing in the record on appeal which would indicate what was contained in Mr. Noble's deposition.

Accordingly, this court will not speculate as to the contents of the deposition. The record simply does not contain the information necessary for this court to rule upon the assigned error. Foreman v. Ver Brugghen, 81 Nev. 86, 398 P.2d 993 (1965); Alamo Airways, Inc. v. Benum, 78 Nev. 384, 374 P.2d 684 (1962).

The record on appeal is replete with evidence which supports the lower court's findings of fact and conclusions of law. When there is substantial evidence in the record to support the lower court's decision, that decision will not be disturbed on appeal. Bangston v. Brown, 86 Nev. 653, 473 P.2d 829 (1970).

The judgment of the lower court is affirmed.