MINNIE JENSEN, APPELLANT, *v.* JAMES A. BROOKS AND LOIS BROOKS, RESPONDENTS.

No. 6798

December 6, 1972                    503 P.2d 1224

[Rehearing denied January 18, 1973]

---

*Jack Christensen,* of Carson City, for Appellant.

*Breen, Young, Whitehead and Hoy, Chartered,* of Reno, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is the second time this case has come before us on appeal. The first appeal was from an order of the district judge granting Minnie Jensen's Rule 41(b) motion to dimiss the Brookses' complaint because they had failed to prove their case. We reversed and remanded the case for trial. Brooks v. Jensen, 87 Nev. 174, 483 P.2d 650 (1971). At the second trial the lower court found in favor of the Brookses, from which judgment Minnie Jensen has now appealed.

The Brookses filed this action against Minnie Jensen to establish their right to an easement. The easement covered a roadway 23 feet wide that ran parallel and adjacent to a parcel of realty owned by Minnie Jensen. The Brookses predicated their claim upon recorded documents that established their easement as appurtenant to their property, which became a charge upon the parcel owned by Minnie Jensen. Minnie Jensen answered the Brookses' complaint by alleging that the easement had been abandoned, and she counterclaimed against the Brookses, claiming she had acquired fee title to the easement by adverse possession. The chronological history of the recorded documents establishing the easement has been set

forth in our first opinion and need not be restated herein. Suffice it to say that we held in that opinion that the recorded documents did establish the 23-foot roadway easement as appurtenant to the Brookses' parcel.

The issue on retrial became limited to whether the easement had been lost by abandonment. The district judge found that it had not and ruled in favor of the Brookses. Our inquiry on this issue is limited to whether there is evidence in the record to support the finding of the trial court. If the record contains such evidence, the judgment may not be disturbed on appeal. Perry v. Law Enforcement Electronics, 88 Nev. 180, 495 P.2d 355 (1972).

The loss of an easement by abandonment turns upon the intent of the owner of the dominant tenement, which intention is manifested by the circumstances of the particular case. Nonuse of the easement is evidence of an intention to abandon it. This court, in Mallett v. Uncle Sam Mining Co., 1 Nev. 188 (1865), stated at 204:

"In determining whether one has abandoned his property or rights, the intention is the first and paramount object of inquiry; for there can be no strict abandonment of property without the intention to do so; . . ."

The testimony of the witnesses appearing at the trial supports the trial judge's conclusion that the easement had not been abandoned. Although the record shows that there may have been intervening periods when the roadway had little if any use, the record does demonstrate that the roadway has been used since 1931. From 1931 to 1941, Lena Jensen and A. Jensen, Sr., Minnie's in-laws, used the roadway to take care of chickens they had on the Brookses' present home site. Later the road was used to feed livestock, and from 1961 to date the Brookses have used the road for ingress to and egress from their home, except for two brief periods when Minnie Jensen attempted to close the road. Thus the record clearly shows that the easement has been used irregularly but continuously since its inception. An easement once established, as in the instant case, is presumed to continue unless there is a manifest showing of an intent to abandon it. Goldfield Con. v. O. S. A. Co., 38 Nev. 426, 150 P. 313 (1915); Cornell v. Gobin, 49 Nev. 101, 238 P. 344 (1925).

Since the evidence in the record supports the conclusions of the trial judge, the judgment below is affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.