SOLLER CORPORATION, a Nevada Corporation, Appellant, v. W. B. C. DEVELOPMENT a/k/a W. B. C. DEVELOPMENT COMPANY, a Partnership; LAMAR WILSON, FRANK WILSON, FRANK BURKE and PHIL CONVILLE, Partners, Respondents.

No. 10687

August 21, 1980                    615 P.2d 956

*Dale W. Beasey,* Las Vegas, for Appellant.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In an action to foreclose its labor and materialman's lien against respondents' apartment project, appellant, a sheet rock

and painting contractor, recovered $2,601.75. Respondents counterclaimed, and recovered $100.00 as damages for slander of title.

On appeal, appellant argues that the trial court erred in awarding it the sum of $2,601.75 rather than the full amount claimed, i.e., $21,269.19. Appellant further contends that respondents failed to prove malice or special damage and, therefore, the court erred in finding appellant had slandered respondents' title by recording its notice of claim of lien.

In our view, the record amply supports the trial court's conclusion that appellant was entitled to recover $2,601.75. Where a trial court, sitting without a jury, makes a determination upon conflicting evidence, that determination will not be disturbed on appeal if it is supported by substantial evidence. Harris v. Shell Dev. Corp., 95 Nev. 348, 594 P.2d 731 (1979). The record reflects that in October, 1973, appellant claimed it was owed $192,570.00, under its written and oral contracts, and $12,613.85 for extra work requested by the owners. By our calculations, prior payments made by the respondents, together with the trial court's award, compensated appellant for this work. The trial court could properly conclude that appellant was not entitled to additional payment. The trial court was not required to accept appellant's evidence. *See* Heidtman v. Nevada Ind. Comm'n, 78 Nev. 25, 368 P.2d 763 (1962); In re Duffill's Estate, 57 Nev. 224, 61 P.2d 985 (1936).

The trial court's finding that appellant had slandered respondents' title is also supported by the evidence.[1] *Cf.* Summa Corp. v. Greenspun, 96 Nev. 247, 607 P.2d 569 (1980). Although the trial court erroneously referred to "nominal" damages, we perceive no abuse of discretion in awarding respondents $100.00 as damages resulting from the wrongful recordation of the notice of claim of lien.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., and ZENOFF, SR. J.,[2] concur.

---

[1]Finding of Fact #13 reads:

"The actions of the Plaintiff in recording its Lien were intentionally designed to prohibit the Defendants from transferring title to the fifty-six units at Monterey Grand Manor. At the time of the recording of the Lien, Defendants were not indebted to Plaintiff in the sum of $20,196.09, a fact known to Plaintiff. That the recording of said Lien was an attempt by Plaintiff to obtain *funds that were not justly due it and as such constituted a slander of title.*"

[2]The Chief Justice designated HON. DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HON. E. M. GUNDERSON, Justice. Nev. Const. art. 6, § 19; SCR 10.