VAGABOND HOTELS, INC., A CALIFORNIA CORPORATION, AND VAGABOND MOTOR HOTELS, INC., A NEVADA CORPORATION, APPELLANTS AND CROSS-RESPONDENTS, *v.* ROBERT COHEN, RESPONDENT AND CROSS-APPELLANT.

No. 12883

September 23, 1982                    650 P.2d 807

*David Goldwater,* Las Vegas, for Appellants and Cross-Respondents.

*Reid & Alverson,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

By the Court, MANOUKIAN, J.:

Appellants and cross-respondents, Vagabond Hotels, Inc. and Vagabond Motor Hotels, Inc. (hereinafter "Vagabond"), challenge the trial court's determination that they unreasonably refused to consent to a proposal by respondent and cross-appellant, Robert Cohen, to build kitchenettes on a portion of the property subject to a lease between the two parties. In a cross-appeal, respondent contends that the lower court erred in not granting him damages.

In July 1970, Cohen sublet to Vagabond that portion of the subject property which faces Las Vegas Boulevard and reserved for his own use an adjoining rear section of the property. Vagabond constructed a motel on the property.

A clause in the lease agreement prohibited Cohen from using his property in a manner which would compete with Vagabond's motel trade. In addition, the lease provided that construction on Cohen's parcel was subject to Vagabond's consent. Such consent could not be unreasonably withheld.

In October 1975, Cohen requested consent from appellants to construct 68 kitchenette units on the reserved parcel. Vagabond's president refused consent, concluding that such construction would violate the conflicting use provision of the lease.

Cohen commenced this action, claiming that the refusal was unreasonable because his proposed use of the property would not conflict with Vagabond's motel operations. The district court agreed. The court found that the only productive use of the property was for multiple unit dwellings, that permanent residents would comprise the only users of the kitchenettes and that Cohen's proposed units would be used only by tenants who did not require nearby parking spaces.

Appellants assert that those findings are erroneous. We recognize that our inquiry is a limited one and the trial court's determination should not be disturbed on appeal if it is supported by substantial evidence. *See* Pace v. Linton, 97 Nev. 103, 625 P.2d 84 (1981); Soller Corp. v. W.B.C. Development, 96 Nev. 704, 615 P.2d 956 (1980); Jensen v. Brooks, 88 Nev. 651, 503 P.2d 1224 (1972). Our review of the instant record, however, demonstrates that the district court's findings are without substantial factual support. The evidence plainly supports Vagabond's contention that Cohen's proposed project would conflict with its motel operation.

Cohen's basic argument is that he would not be competing in the same economic market as Vagabond. He contends that Vagabond seeks tourist-transient trade, while his 68 kitchenette units would be rented to permanent residents, with minimum stays of a week. Cohen's pre-trial activities belie this contention. Specifically, the November 5, 1973, Clark County Minutes reflect that Cohen filed an application for a variance to "construct a 68-unit addition to existing 87-unit motel, and to provide 96 parking spaces where 155 required in an H-1 (limited resort and apartment zone)." Cohen's exhibit "5," being the variance issued by the Clark County Board of Commissioners, further provides that:

> Cohen advised that the Vagabond Motel was constructed approximately 2½ years ago and that this addition is desired to provide *extra motel space for guests of the adjacent Aladdin Hotel.*
>
> He further stated that parking will not be a problem and that the request has been lowered from 96 spaces to 85 spaces. *He urged that the Board approve the application due to limited motel facilities on the Las Vegas strip during the busy tourist seasons.* (Emphasis supplied.)

The record is devoid of any suggestion that Cohen changed his initial intentions, reflected in his application for variance and his "Exhibit 5."

In addition, loan papers make reference to the "Robert Cohen-motel loan." Finally, Cohen expressed to the County Commission his concern for parking for the proposed addition. His original application for the variance to construct the 68-unit addition requested that he be permitted to provide for 96 spaces, rather than the 155 required for a limited resort zone. This indicates that Cohen believed that his project was properly characterized as a motel and further supports Vagabond's claim that Cohen was seeking to attract a tourist-transient clientele. The increased traffic would necessarily traverse the property leased to Vagabond.

From its inception, Cohen's proposal contemplated the operation of a business which would seek the tourist trade, and thus compete within the same economic market as Vagabond, in direct contravention of the terms of the lease. We conclude that the evidence is insufficient to support the trial court's determination that Vagabond's refusal to consent to the proposed use and development of Cohen's retained property was unreasonable. Vagabond's refusal of consent was "fair, solid and substantial. . . ." Warmack v. Merchants Nat'l Bank of Fort Smith, 612 S.W.2d 733, 735 (Ark. 1981); Mitchell's, Inc. v. Nelms, 454 S.W.2d 809, 814 (Tex.Civ.App. 1970); Restatement (Second) of Property § 15.2 comment g (1976). Accordingly, we reverse that portion of the district court's ruling. In light of our reversal of the consent issue, we need not discuss Cohen's cross-appeal on the issue of damages. We affirm the trial court's denial of damages to Cohen.

GUNDERSON, C. J., and SPRINGER, MOWBRAY, and STEFFEN, JJ., concur.