HELEN AUSTIN AND ALBERT AUSTIN, Appellants, *v.* GORDON SMITH, LINDSAY SMITH AND BERNARD R. O'MALIA, Doing Business as EL CAPITAN CLUB, Respondents.

No. 3951

May 29, 1957 311 P.2d 971

*Harry D. Anderson,* of Reno, for Appellants.

*Pike & McLaughlin* and *John W. Barrett* and *Thomas A. Cooke,* all of Reno, for Respondents.

## O P I N I O N

By the Court, BADT, C. J.:

Mrs. Austin went to the toilet in the ladies' rest room at El Capitan Club at Hawthorne, sat upon the toilet seat, and when it suddenly slipped out from under her, she was precipitated into the bowl. In attempting to catch herself, she struck a projecting piece of plumbing and suffered personal injuries. The hinge screws holding the seat in place had been torn from the seat.

Upon completion of plaintiffs' case the court denied defendants' motion for judgment in their favor. Defendants' witnesses testified to their maintenance of the ladies' rest room in which there were three toilet seats. The janitor inspected and washed them every morning and oftener on weekends. If anything was found by him requiring repair, he notified the maintenance man. The maintenance man also checked two or three times a week. On the morning in question the janitor washed, dried and disinfected the toilet seats, in the course of which he moved them up and down. He found nothing wrong. This was between 6:00 and 6:30 a.m. The accident occurred between 10:00 and 11:00 a.m. Both the janitor and the maintenance man did their work through instructions from the manager, and were to report at once any condition indicating necessity for repairs. During any given 24-hour period an estimated 300 to 400 people patronized El Capitan Club and in the evenings the patrons were divided approximately equally between men and women. In the interval of three to four hours between the last cleaning and inspection and the time of the accident many women had used the toilets in the ladies' rest room. Defendants did not know that the seat was broken. The seats used were of the best quality obtainable. Over an 11-year period replacement of less than one seat a year had been required. In the main this occurred when a seat became scratched or "looked bad," though occasionally a seat broke.

Appellants' main assignment of error is the trial court's refusal to apply the doctrine of res ipsa loquitur.

In their brief and oral argument appellants devoted much time to the history of the doctrine and its application by the English and American courts, and to a discussion of varying views as to whether the application of the doctrine resulted in a presumption of negligence or in an inference of negligence; also as to its effect in calling for an explanation by the defendants, or shifting the burden of proof to them, and the degree of proof then required; also with reference to the control of the instrumentality that caused the accident. Interesting though we have found these discussions to be from an academic standpoint, no determination of the points therein raised is required. This results from the court's finding that the defendants were not guilty of negligence in maintaining the rest room or the toilet seat and that Mrs. Austin was not injured as the direct or proximate result of negligence of the defendants. Such finding is substantially supported by the testimony of defendants' witnesses and we are not at liberty to disturb them. Friendly v. Larsen, 62 Nev. 135, 144 P.2d 747. This requires an affirmance unless we adopt the view of appellants that the trial court should have fixed a much higher standard of care such as a more frequent inspection in the rest room. This is unsupported by proof of any statute, ordinance or regulation or by any proof of custom or by any proof that the hazard was so great as to require such standard. We cannot say that the instrumentality was such as reasonably to require inspection more than once a day, from the point of view of the hazard rather than that of cleanliness.

Appellants have called our attention to sundry cases in which this court has considered the doctrine of res ipsa loquitur, including Johnson v. Watkins, 70 Nev. 156, 262 P.2d 237, and Las Vegas Hospital Association v. Gaffney, 64 Nev. 225, 180 P.2d 594, but we find in those cases nothing contrary to the views herein expressed.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.