OSCAR CORAY AND LEONA F. CORAY, APPELLANTS, *v.* BEN HOM AND IDA HOM, BILL YOUNG YEE AND SARAH JANE YEE, EROS C. ZOTALIS AND ESTHER H. ZOTALIS, EDWARD S. GAW-LIK AND JESSLYN E. GAWLIK, AND SUE YEE, AS INDIVIDUALS AND B & B COMPANY, A COPART-NERSHIP, RESPONDENTS.

No. 4659

February 5, 1964                    389 P.2d 76

*John Tom Ross* and *Theodore H. Stokes,* of Carson City, for Appellants.

*William J. Crowell,* of Carson City, and *Francis B. Dillon,* of Sacramento, California, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

This is an action by the sellers of real property (the Corays) to compel the alleged buyers (Hom and others) to specifically perform their contract to purchase, or, in the alternative, to pay damages. The buyers won in the trial court and the sellers appeal.

The case is loaded with procedural blunders. Halfway through the trial the buyers decided to rely upon the statute of frauds as a defense to the sellers' claim for relief. Their pleadings did not mention the statute. Having failed to plead the statute of frauds as an affirmative defense as required by NRCP 8(c), they sought to introduce it by way of a motion for summary judgment at the close of the sellers' case-in-chief. Of course, their failure to plead it affirmatively constituted a waiver. NRCP 12(b)(h); Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523. Nor was the summary judgment procedure available at that juncture. That procedure is to be utilized before trial, not during, or after trial.[1] Its purpose is to avoid a needless trial when an appropriate showing is made in advance that there is no genuine issue of fact to be tried, and the movant is entitled to judgment as

---

[1]The buyers seize upon three words "at any time" as used in NRCP 56(b) to justify their late motion. Both the purpose of the summary judgment procedure and a careful reading of the entire rule make it evident that those three words mean "at any time before trial." Other motions are available during trial, and following trial.

a matter of law. Instead of denying that motion as unauthorized, the court listened to arguments, and reserved ruling; whereupon the buyers (defendants) put on their case-in-chief. Approximately 7 months later, the case was reopened to permit the sellers (plaintiffs) to introduce further evidence, after which the matter was submitted to the court for decision. More than a year passed before the court ruled. Instead of deciding the case on the merits, it granted the buyers' motion for summary judgment. This should not have been done. As the statute of frauds was not an issue for the reasons already mentioned (and we intimate no view as to whether that defense would have been good had it been properly advanced), the case became one of conflicting evidence concerning the scope of authority, if any at all, granted to a Mr. Cutler, to act as the agent for the buyers in consummating the contract of sale.[2] Cutler testified (somewhat ambiguously) that he had such authority. This testimony was competent. Schlitz Brewing Co. v. Grimmon, 28 Nev. 235, 250, 81 P. 43, 46. Mr. Hom, one of the alleged buyers and principals, stated unequivocally that Cutler was not authorized to purchase the property for him. The other alleged buyers did not testify. Diverse inferences could be drawn from the documentary evidence produced. On this record, we must reverse the summary judgment, and remand the case with the direction to decide it on the merits without any consideration being accorded the purported defense of the statute of frauds which was waived before the trial started. It is so ordered.

BADT, C. J., and MCNAMEE, J., concur.

[2]The documents relied on by the sellers to show the contract (escrow instructions and deposit receipt) were signed by the sellers, and by Cutler, purporting to act as agent for the buyers. No written proof of his agency was produced.