RICHARD MARSCHALL, JO ANNE ARDIS MAR–
SCHALL, ROGER HEATH, a Minor Through His
Guardian ad Litem, Appellants, v. CITY OF CAR–
SON, KENNETH WILSON, GEORGE WENDELL and
WILLIAM FURLONG, Respondents.

No. 5757

February 4, 1970                    464 P.2d 494

*Springer and Newton,* of Reno, for Appellants.

*Laxalt and Berry,* of Carson City, for Respondents.

## OPINION

By the Court, BATJER, J.:

On January 12, 1966, two juveniles, who were brothers, were being questioned in the presence of their mother by George Wendell, a Carson City police officer, who is one of the respondents. Kenneth Wilson, another respondent, and at that time a Carson City patrolman, brought to Wendell's attention an unsolved burglary at the Meek Lumber Company, which he had investigated on November 20, 1965.

Upon Wendell's continued questioning the younger juvenile eventually admitted the lumber company burglary and implicated his brother, and a neighbor boy whose first name was stated to be Roger.

The older brother at first denied his implication but later admitted his part and acquiesced in his younger brother's accusation of Roger but later during the inquiry denied Roger's presence. The questioning of the two brothers continued for several hours and included the discussion of other unsolved crimes in the Carson City area. At approximately nine o'clock

that evening, Wendell, after consulting with his superior officer, William Furlong, dispatched Wilson and another police officer by the name of Canfield to the residence of Richard and Jo Ann Ardis Marschall to pick up Roger Heath and bring him to the police station for questioning in connection with the lumber company burglary. (Roger Heath is the son of Mrs. Marschall.) (At the time this case was tried police officer Canfield was deceased.) When the patrol unit, driven by Wilson, arrived at the Marschall residence, Canfield went to the door, which was opened by Roger's sixteen-year-old brother Mike. Canfield asked if he was Roger Heath and when informed he was his brother, Canfield inquired if their parents were home, and upon learning that they were not went back to the police car and called the station. Shortly thereafter Canfield went back to the front door, which was still open, opened the screen door, stepped with one foot into the Marschall living room and requested Roger to get his coat and come with him to the police station. Roger complied, and was taken to the station and questioned by Wendell. Within a few minutes, after a confrontation between Roger and the other juveniles, the younger brother broke down and admitted that he had falsely implicated Roger. About that time Mr. and Mrs. Marschall arrived at the police station in an upset and irate mood and Roger was released to them and they were informed that he was clear of any criminal activity.

Through his guardian ad litem, Roger Heath brought suit against the respondents for false arrest, false imprisonment, and assault and battery; Richard and Jo Ann Marschall sued for damages to their home by reason of forceable breaking and entering and trespass, and Jo Ann sued for great emotional distress and anguish, which anguish and distress caused her to become emotionally ill.

The trial court dismissed the cause of action charging assault and battery and directed a verdict in all the other causes of action except false arrest and false imprisonment which went to the jury, and upon which a verdict was returned for the respondents.

The appellants complain that the trial court committed reversible error when it granted respondents' motion to strike appellants' claim of assault and battery and granted respondents' motion for a directed verdict on the appellants' claim of trespass and emotional and physical distress. Without moving for a directed verdict, in the trial court, the appellants have requested this court to order that judgment be entered for them upon all their causes of action as a matter of law.

The appellants further complain that there was a manifest disregard by the jury of the instructions of the trial court, that the trial court erred in allowing the respondents to amend their complaint to include the affirmative defense of justification to false arrest and false imprisonment, and thereafter received evidence in support of that defense; erred in refusing to admit the answer to interrogation No. 1; erred in giving certain instructions objected to by the appellant and in refusing to give others offered by them; erred in excluding the answer to appellants' interrogatory No. 1; and erred in refusing to allow appellants to introduce Michael Heath's deposition in rebuttal.

At the close of the appellants' case (plaintiffs below) the respondents (defendants below) moved pursuant to NRCP 50(a) for a directed verdict on all causes of action in the complaint. Although the district judge stated he was granting a motion to strike Roger Heath's cause of action for assault and battery what he really did was grant an involuntary dismissal under NRCP 41(b) on the ground that upon the facts and the law the plaintiff had failed to prove a sufficient case for the jury. In this appeal all parties treated the district court judge's action as an involuntary dismissal. At that same time the district court granted the defendants a directed verdict on the plaintiffs' cause of action for trespass and for emotional and physical distress, but denied the defendants' motion for a directed verdict on the cause of action for false arrest and false imprisonment.

In their briefs, as well as in oral argument to this court, the respondents admitted that Roger Heath was arrested and imprisoned but claimed that the appellants had failed to meet their burden of proving either an arrest or imprisonment. We do not agree. To establish false imprisonment of which false arrest is an integral part, it is only necessary to prove that the person be restrained of his liberty under the probable imminence of force without any legal cause or justification therefore. Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963). Here the appellants established a prima facie case of false arrest and false imprisonment. Roger was in the custody of police officers from the time he left his home until released to his parents. He was found to be completely innocent. The continued presence of a police officer certainly furnished the probable imminence of force and Roger's innocence established a prima facie case showing no legal cause or justification for the arrest.

At that point in the trial the respondents could avoid liability

only by proving justification, however, as soon as the respondents attempted to offer evidence to show probable cause for Rogers' arrest the appellants objected and claimed that the respondents were precluded because they had failed to plead the affirmative defense of justification.

The record indicates that the district court found the appellant's objection to the respondents' attempt to offer evidence of probable cause for Roger's arrest to be timely and well taken. We agree, because the respondent's general denial to the appellants' complaint does not meet the requirements for pleading the affirmative defense of justification. Kaufman v. Brown, 209 P.2d 156 (Cal.App. 1949); Brown v. Meier & Frank Co., 86 P.2d 79 (Ore. 1939); Gill v. Montgomery Ward & Co., 129 N.Y.S.2d 288 (1954).

In Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523 (1959), we said: "Under Rule 8(c) [NRCP 8(c)], the defense (in that case the statute of frauds) must be specially pleaded, and under Rule 12(b) and (h), if not so pleaded it is waived." Coray v. Hom, 80 Nev. 39, 389 P.2d 76 (1964).

To meet this dilemma the respondents moved, pursuant to NRCP 15(b), to amend their pleading to include the affirmative defense of justification, and the district court allowed the amendment. The appellants contend this was error. We disagree. Even though the respondents erred in failing to affirmatively plead justification, nevertheless, NRCP 15(b) authorizes the trial court to allow the pleadings to be amended and requires that the permission shall be freely given when the presentation of the merits of the action would be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.

It is obvious that the presentation of the merits of the action would be subserved by allowing the respondents to present evidence of probable cause. Without this evidence only "half a case" would have been presented to the trial court, and the fundamental purpose of the Nevada Rules of Civil Procedure, as stated in NRCP 1,[1] would not have been met. Unless the

---

[1]NRCP 1: "These rules govern the procedure in the district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

respondents were permitted to present their defense there would have been no just determination of the action.

The appellants could not successfully contend that they were prejudiced in maintaining their action on the merits. In their complaint they alleged that: ". . . [N]one of said defendant police officers had reasonable grounds to believe the Plaintiff Roger Heath had committed a misdemeanor or a felony." The respondents, in their answer, entered a general denial of the appellants' allegation and the question of probable cause for the arrest and detention of Roger was put squarely in issue. While the appellants were not required to plead or prove the want of probable cause, having once raised the issue through their pleadings, they must have been prepared to meet the issue of probable cause and could not have claimed to have been surprised or unprepared. For that reason they could not have been prejudiced in maintaining their action upon the merits.

In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court said: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires,' this mandate is to be heeded."

In Weiler v. Ross, 80 Nev. 380, 395 P.2d 323 (1964), this court held: "A motion to amend may be made orally in open court in the presence of counsel for the adverse party (Christensson v. Hogdal, 91 U.S.App.D.C. 251, 199 F.2d 402; 3 Moore, Federal Practice, p. 102) and leave to amend should be freely given when justice requires. NRCP 15(a)." We must apply the same rule to NRCP 15(b) where there is even greater liberality of amendment. Good v. District Court, 71 Nev. 38, 279 P.2d 467 (1955).

We now turn our attention to the question of probable cause for the arrest and detention of Roger Heath. An examination of the record reveals no dispute of the facts upon which the defense of probable cause is based.

When the facts relating to the existence of probable cause are not in dispute, it becomes a question of law whether such facts constitute probable cause. Bonamy v. Zenoff, 77 Nev. 250, 362 P.2d 445 (1961).

We must now decide whether the arrest was valid as a matter of law. We find that Roger Heath's warrantless arrest was valid under NRS 171.124(1)(d), and is constitutionally sound. Peters v. New York, 392 U.S. 40, 66 [No. 74] (1967).

In Gordon v. State, 83 Nev. 177, 426 P.2d 424 (1967), we said: "The requirements of reliability and particularity needed to support a warrantless arrest are not less stringent than when an arrest warrant is obtained." ". . . The Fourth Amendment commands that no warrants for either searches or arrests shall issue except upon 'probable cause.' That proscription is enforcible against the States through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643 (1961). Probable cause exists if the facts and circumstances known to the officer at the moment of the arrest would warrant a prudent man in believing that a felony had been committed by the person arrested. Beck v. Ohio, 379 U.S. 89 (1964); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160 (1949); Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966)." Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); Thomas v. Sheriff, 85 Nev. 551, 459 P.2d 219 (1969).

In a footnote to his dissent, in Terry v. Ohio, 392 U.S. 1 (1967), Justice Douglas summarized the High Court's interpretation and application of probable cause: "This Court has always used the language of 'probable cause' in determining the constitutionality of an arrest without a warrant. See, e.g., Carroll v. United States, 267 U.S. 132, 156, 161–162; Johnson v. United States, 333 U.S. 10, 13–15; McDonald v. United States, 335 U.S. 451, 455–456; Henry v. United States, 361 U.S. 98; Wong Sun v. United States, 371 U.S. 471, 479–484. To give power to the police to seize a person on some grounds different from or less than 'probable cause' would be handing them more authority than could be exercised by a magistrate in issuing a warrant to seize a person. As we stated in Wong Sun v. United States, 371 U.S. 471, with respect to requirements for arrests without warrants: 'Whether or not the requirements of reliability and particularity of the information on which an officer may act are more stringent where an arrest warrant is absent, they surely cannot be less stringent than where an arrest warrant is obtained.

"And we said in Brinegar v. United States, 338 U.S. 160, 176: 'These long-prevailing standards [for probable cause] seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting

on fact leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.' "

In Spinelli v. United States, 393 U.S. 410 (1969), the court said: "The affidavit, then, falls short of the standards set forth in Aguilar [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963)], Draper [358 U.S. 307, 79 S.Ct. 329, 2 L.Ed. 1549 (1958)], and our other decisions that give content to the notion of probable cause. In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, . . . ."

At the time Roger Heath was arrested there was probable cause for the officers to believe that he had engaged in criminal activity. Wendell had the direct statement from the younger juvenile that Roger was with them when he and his brother broke into the lumber company. Wilson had personally investigated the burglary at the lumber company and he had received Wendell's radio call to bring Roger to the police station.

In Draper v. United States, supra, a federal narcotics agent was told by an informer, whom he knew to be reliable, that Draper was selling narcotics and would arrive by train from Chicago with a supply. The informer described Draper and told the agent, within the space of two days, when he would arrive. When Draper arrived he was recognized and arrested and narcotics were seized. The High Court held the arrest to be lawful and said that even hearsay information was entitled to be considered by the arresting officer.

In Spinelli v. United States, supra, the court said: "The detail provided by the informant in Draper v. United States, [supra], provides a suitable benchmark."

Here, while the reliability of the juvenile had not been previously known to Wendell, he did spend several hours questioning him, and during that period of time the juvenile made what was apparently reliable statements about his participation in other criminal activity, and he "stuck" to his story that Roger had been with him at the lumber company.

In discharging his duty, Wendell could give, to the information he had received, whatever reasonable credit he deemed it warranted. Thomas v. Sheriff, supra. Furthermore, before Wendell dispatched the patrol car to bring Roger to the police

station he consulted his superior officer. The arrest was not the result of an impulsive act or decision on Wendell's part.

We believe that, under the facts and circumstances, Wendell had probable cause and reasonable grounds to believe that a felony had been committed and that Roger Heath had been present when it was committed.

The appellants argue that NRS Chap. 62 (The Juvenile Court Act) precluded the officer from proceeding to bring Roger to the police station.

While it is preferable that the procedure for apprehension of juveniles, as outlined in the juvenile court act, be employed, law enforcement officers cannot be limited to the exclusive procedures of that act. There is nothing in the law to prevent a police officer from taking a juvenile into custody without a warrant when the police officer has probable cause to believe a felony has been committed, and that the juvenile has committed it. Harper v. Strange, 158 F.2d 408 (D.C. 1946).

NRS 171.124 authorizes a peace officer to, without a warrant, arrest a *person* on a charge made, upon a reasonable cause of the commission of a felony by the party arrested. (Emphasis added.)

We find no irreconcilable conflict between NRS 171.124(1) (d)[2] and NRS 62.040(1)(a)(5),[3] however, in the event such a conflict could be discerned, we note that NRS 171.124, was enacted, in its entirety, at the legislative session held in 1967, while NRS 62.040 was first enacted in 1943 and last amended in 1963. If there is an irreconcilable conflict between two statutes, the statute which was most recently enacted controls the provisions of the earlier enactment. State ex rel. Douglass Gold Mines Inc. v. District Court, 51 Nev. 330, 275 P. 1 (1929); State v. Esser, 35 Nev. 429, 129 P. 557 (1913).

The appellants' causes of action for breaking and entering and trespass, as well as for emotional and physical distress, and

---

[2]NRS 171.124(1)(d): "A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant arrest a person:

"On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested."

[3]NRS 62.040(1)(a)(5): "Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceeding:

"Concerning any child living or found within the county:

"Who violates any state law or municipal ordinance, or any other rule or regulation having the force of law."

for assault and battery, were dependent upon an unlawful arrest. Having found Roger Heath's arrest was valid, as a matter of law, these causes of action fail.

The remainder of the appellants' assignments of error were also dependent upon an unlawful arrest. The arrest being valid, we find them to be without merit.

The judgment of the trial court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.