J. PAUL LYON, C. NEWELL FREEMAN, AND WILFORD P. GENTRY, DBA RUBY DRUG, APPELLANTS AND CROSS–RESPONDENTS, *v.* WALKER BOUDWIN CON–STRUCTION CO. AND FIRST NATIONAL BANK OF NEVADA, A CORPORATION, RESPONDENTS AND CROSS–APPELLANTS.

No. 6737

December 6, 1972          503 P.2d 1219

*Wilson and Wilson,* of Elko, for Appellants and Cross-Respondents.

*Richard P. Wait* and *George W. Swainston,* of Reno, for Respondents and Cross-Appellants.

## OPINION

By the Court, MOWBRAY, J.:

The appellants, J. Paul Lyon, C. Newell Freeman, and Wilford P. Gentry, doing business as Ruby Drug, commenced this action against the respondents, Walker Boudwin Construction Co. and First National Bank of Nevada, to recover damages arising from the rotation of a sidewall of the Ruby Drug building, which rotation allegedly resulted from negligent excavation work performed by the Construction Co. on an adjacent lot owned by the Bank. The district judge before whom the case was tried agreed with the appellants and awarded them $800 in damages. The appellants have appealed, claiming that

the damage award was grossly inadequate. The respondents have cross-appealed, asserting that the judge erred in finding negligence. We have reviewed the record, and we find that it supports both the ruling that the excavation work was done in a negligent manner and the award of $800 for damages.

1. *The Facts.*

On June 26, 1969, appellants contracted to purchase a building in Elko, Nevada, for the operation of a pharmacy, which they named Ruby Drug. The building was old, the main part having been constructed in 1915 of masonry and brick. It was abutted on the west side by another edifice, known as the Anacabe Building. When appellants agreed to buy their building, they were aware that the Bank had purchased the Anacabe property with the intention of demolishing the Anacabe Building and constructing in its place a new bank building. On August 25, 1969, the Bank engaged the respondent Construction Co. for that purpose.

To give vertical support to the Ruby Drug Building, "underpinning" of its entire west wall, which wall abutted the Anacabe Building, was necessary.[1] The underpinning was completed without difficulty.

A backhoe and other motorized equipment were used during excavation of the Bank lot, during which time the appellants noticed considerable vibration in the drugstore. Soon thereafter they found that their basement door would not close. Further inspection disclosed one crack in the basement floor and another in the wall of the basement, continuing up the wall on the first floor. Later inspection revealed that the west wall of the pharmacy had "rotated," i.e., moved out and away from the building, and had separated at the roof line. As a result of this damage, appellants closed their store for four days and now claim they suffered damages as follows:

| | | |
|---|---|---:|
| 1. | Cost of restoration of building | $4,565.00 |
| 2. | Permanent depreciation | 3,000.00 |
| 3. | Four days' loss of business | 400.00 |
| 4. | Permanent business loss | 1,097.03 |
| 5. | Repair of display window | 169.03 |
| 6. | Replacement of roof | 650.00 |
| 7. | Cost of advertising opening and closing | 80.00 |
| | | $9,961.06 |

[1]When the excavation required for the installation of a new structure extends below the level of support provided for an adjacent structure, underpinning is necessary to give vertical support to the older building.

## 2. *The Proof of Negligence.*

The degree of negligence of an excavator for which he may be held liable has been set forth in 2 G. Thompson, Real Property § 416, at 660 (1961 replacement) as follows:

"In case of negligence on the part of the excavator, he will be liable for injury to the building caused thereby, although the land would not have fallen had there been no buildings thereon. The degree of care to be exercised, in order that the excavator may be immune from a claim for damages by the owner of adjoining real estate not in its natural condition, must be commensurate with the apparent or actual danger. The care required in each particular case depends largely upon the particular facts and circumstances and the physical conditions existing in each case. This rule does not make the excavator an insurer of the building on adjoining property. It goes no further than to require him to exercise a reasonable degree of skill and care to avoid injuring such building."

In the instant case, the Construction Co. knew the condition of the Ruby Drug Building. Mr. Wayne Thomas Donnels, an officer of the Construction Co., testified at the trial that he had inspected the Ruby Drug Building prior to the commencement of construction work for the Bank and that he had then noticed and was aware that the building had no "lateral ties," i.e., that the walls were not secured to the floor. Such ties are needed to prevent or reduce the likelihood of rotation of the walls if the structure is weakened. Due to the precarious condition of the west wall, excavation by hand, rather than by backhoe, was originally planned for the project. Operation of the backhoe caused heavy vibration throughout the Ruby Drug Building. Mr. H. V. Lamberti, the structural engineer who designed the Bank's new building, testified at trial that he attributed the rotation of the west wall of the drugstore to the removal of lateral support, which occurred when the construction crew separated the Anacabe Building from the basement wall of the drug store. From these facts, the trial judge found negligence on the part of the excavator. Since there is substantial evidence to support the court's finding, it may not be disturbed on appeal. Western Land Co. v. Truskolaski, 88 Nev. 200, 495 P.2d 624 (1972).

## 3. *The Damages.*

The appellants sued for damages in the amount of $9,961.06

plus costs and a reasonable attorney's fee. The trial judge limited appellants' recovery to the following:

| | |
|---|---|
| Repairs to side wall of building | $120.00 |
| Four days' loss of business | 400.00 |
| Damage to roof | 200.00 |
| Cost of advertising the opening and closing of the business | 80.00 |
| Total award | $800.00 |

The trial judge also denied appellants their costs and any attorney's fee.

It is the rule that where the record before the trial judge contains sufficient evidence to support an award of damages, it will not be disturbed on appeal. Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969); Fox v. First Western Sav. & Loan, 86 Nev. 469, 470 P.2d 424 (1970). The appellants in the instant case argue that the trial judge erred in not allowing them the amount of damages prayed for in their complaint. Admittedly, the $800 damage award is minimal, but the testimony concerning damages was conflicting. The trier of facts was at liberty to accept that testimony which he found most acceptable. It would serve no purpose to summarize the evidence in this opinion. Suffice it to say that we have reviewed the record and find therein sufficient facts upon which the trial judge could and did predicate his award of damages.

4. *The Allowance of Costs and Attorney's Fee.*

The trial judge denied appellants their costs and, without explanation, failed to award them attorney's fees. This was error.

NRS 18.020 provides that costs *shall* be allowed to the plaintiffs when the recovery is $300 or greater.[2] NRS 18.010 provides that the trial judge *may* allow attorney's fees where

---

[2] NRS 18.020, in relevant part:

"Costs shall be allowed of course to the plaintiff upon a judgment in his favor, from any defendant against whom judgment is rendered, in the following cases:

". . .

"3. In an action for the recovery of money or damages, where plaintiff recovers $300 or over."

the amount recovered does not exceed $10,000.[3] This is discretionary with the judge, and an award so made will not be disturbed on appeal unless there is a showing of an abuse of discretion by the judge.

In the instant case, there was no award for attorney's fees. We do not know the reason for the refusal to make such an award. In Jones v. Jones, 86 Nev. 879, 885, 478 P.2d 148, 152 (1970), this court ruled that a trial judge, in refusing to grant the prevailing party attorney's fees, must state his reason for so doing, so that it is subject to review on appeal, and that failure to state a reason constituted an abuse of discretion.

We therefore affirm the judgment below, except that we remand the case to the court below with instructions 1) the appellants be allowed their costs; and 2) that their reasonable attorney's fees be allowed, or, in the alternative, that the district judge state his reason for refusing to allow appellants their attorney's fees.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[3]NRS 18.010, in pertinent part:

"3. The court may make an allowance of attorney's fees to:

"(a) The plaintiff as prevailing party when the plaintiff has not recovered more than $10,000; . . ."