THE DREDGE CORPORATION, a Nevada Corporation, Appellant, v. WILLIAM PECCOLE, LIERMANN L. OUSLEY, FRANK B. DITTMAN, MARGARET DITTMAN, LEONARD R. WILSON, et al, Respondents.

No. 6873

January 19, 1973                    505 P.2d 290

*Beckley, DeLanoy & Jemison, Chartered,* of Las Vegas, for Appellant.

*Guild, Hagen and Clark, Ltd.,* and *Bruce Robb,* of Reno, and *George E. Franklin, Jr.,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Years after plaintiff-appellant's quiet title action was dismissed *"without prejudice"* by one judge, another judge purported to dismiss the action *"with prejudice"* on respondents'

motion. The record indicates that neither the order of dismissal "with prejudice" nor notice of its entry was ever served. Subsequently, appellant sought relief under NRCP 60(b)(3), contending the later dismissal "with prejudice" was void; however, the lower court, acting through still a third judge, denied appellant's motion. This, we think, was error.

The court's original order, dismissing the action "without prejudice," was a final judgment. Taylor v. Barringer, 75 Nev. 409, 344 P.2d 676 (1959). If respondents believed the court abused its discretion by dismissing the action "without prejudice," they could have appealed. Lighthouse v. Great W. Land & Cattle, 88 Nev. 55, 493 P.2d 296 (1972). Respondents did not appeal; nor did they, by any appropriate motion after judgment, attempt to have the court reconsider or amend its determination.

Respondents' motion to dismiss "with prejudice" an action already dismissed years earlier "without prejudice" cannot be justified by our rules governing motions after judgment. See, for example: NRCP 59(e); NRCP 60; DCR 20(4). Indeed, respondents' motion violated DCR 20(4).[1]

In our view, except in conformity with established procedures, the lower court was without jurisdiction to alter the judgment dismissing appellant's action "without prejudice," and its later order purporting to do so was void. Appellant's motion for relief under NRCP 60(b)(3) should have been granted.

Reversed.

---

[1]"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."