SALA & RUTHE REALTY, INC., a NEVADA CORPORATION, APPELLANT, v. CHARLES C. DENEEN AND ROBERT W. McMACKIN, RESPONDENTS.

No. 6836

March 12, 1973                    507 P.2d 140

Boyd, Leavitt & Freedman, of Las Vegas, for Appellant.

W. Owen Nitz and Robert L. Gifford, of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

The appellant brought suit in district court to recover an alleged broker's fee. The claimed fee was based upon appellant's allegation that it had presented a ready, willing and able buyer whose purchase was frustrated by acts of the sellers. After a trial before the court, sitting without a jury, judgment was entered for the respondents and against the appellant and this appeal follows.

Respondent, Robert W. McMackin, owned 85 percent and respondent, Charles C. Deneen, owned 15 percent of certain real property located in Clark County, Nevada. On January 9, 1969, Deneen alone executed an exclusive listing agreement with the appellant for the sale of that property. The agreement acknowledged the joint ownership of McMackin and Deneen in the listed property. At the trial of this case Deneen testified that he informed the appellant's agent that McMackin's signature would be required on all relevant documents.

Some five years earlier during an abortive attempt to sell the property to one P. L. Schneider, and before Deneen was given a quitclaim deed to evidence his 15 percent interest, McMackin, expecting to be out of the country gave Deneen a special power of attorney to enable him to conduct business connected with a foreclosure. Both McMackin and Deneen testified that they had forgotten about the recorded power of attorney which had never been revoked. There is no evidence to indicate that the appellant relied upon the power of attorney before or at the time Deneen signed any of the documents in question.

The district court specifically found that Deneen did not act under the power of attorney executed on June 12, 1964 in regards to any matters arising out of this case. This finding is supported in the record since Deneen testified that he never signed any document for McMackin under the authority of the power of attorney. Moreover, if Deneen had executed any of the documents here involved pursuant to that power of attorney such action would have been invalid, because a fair and reasonable interpretation of that instrument in the light of the testimony of both Deneen and McMackin reveals that its scope was limited to matters arising from the previous sale of the subject real property to P. L. Schneider.

If it was ever binding on anyone, the listing agreement form as signed by Deneen expired on April 9, 1969, and no attempt was made to renew it or to extend it. Five days later, on April 14, 1969, the appellant presented to Deneen an offer from a potential buyer. Deneen signed the offer and acceptance agreement but according to his testimony he did so individually and not as an agent for McMackin. Later he individually signed escrow instructions and an order to pay commissions. On these documents, prepared by the appellant, were lines expressly reserved for the signature of McMackin. He refused to sign the offer and acceptance or other documents and as a consequence no sale was made to the prospective buyer nor to anyone else.

Conflicting testimony was presented at the trial, however, it is well settled that the findings of fact are binding on the appellate court even where there is conflict, if there is substantial evidence to support the lower court's position. Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966). Here there was substantial evidence presented to the trial court to support its findings. Furthermore, if there is proper evidentiary support and no legal error, the appellate court will regard the trial court's findings as conclusive. Lawry v. Devine, 82 Nev. 65, 410 P.2d 761 (1966); Austin v. Smith, 73 Nev. 155, 311 P.2d 971 (1957); Close v. Redelius, 67 Nev. 158, 215 P.2d 659 (1950); Wolford v. Wolford, 65 Nev. 710, 200 P.2d 988 (1948).

A new offer was made by the buyers on April 14, 1969. Under the rule laid down in Engel v. Wilcox, 75 Nev. 323, 340

P.2d 93 (1959), without a written listing agreement the appellant was not entitled to a commission until a valid written agreement had been signed. No such valid agreement was ever executed.

Affirmed.

THOMPSON, C. J., and GUNDERSON and ZENOFF, JJ., and WATERS, D. J., concur.