LAURA A. CAVELL, APPELLANT, v. RICHARD J. CAVELL, RESPONDENT.

No. 7248

September 13, 1974                    526 P.2d 330

*Harper & Harper,* of Reno, for Appellant.

*Charles M. Murphy,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant, Laura A. Cavell, has appealed from orders of the district court (1) denying her motion to modify a divorce decree to include an alimony award, (2) dismissing her independent action for alimony, filed 32 months after the divorce decree was entered, and (3) rejecting her motion to increase child support payments.

### 1. *The Facts.*

Laura married respondent, Richard J. Cavell, in New York on September 20, 1962. One child, Marc Gerald, was born to the parties in June 1963. Laura and Richard separated in December 1963. They have lived separate and apart since that time.

Richard established residence in Nevada, and in November 1969, he filed an action for divorce. Laura was personally served with a copy of the complaint and summons in Massachusetts. She failed to answer or otherwise plead to the action. Default was entered against her. Judge Bowen, before whom the divorce hearing was held, granted Richard a divorce on the ground that the parties had lived separate and apart without cohabitation for more than 1 year. The judge ordered Richard to pay $125 per month child support for Marc, who was living with Laura, but did not order alimony or support for Laura. Laura received a copy of the divorce decree and the notice of entry of judgment in late December 1969.

Nothing was done thereafter for almost 2 years. Laura then filed a motion seeking alimony and increased child support payments, in the original divorce proceedings. Further, on August 31, 1972, approximately 32 months after the divorce decree, Laura filed a separate, independent action against Richard, seeking alimony. By stipulation of counsel, all matters were consolidated for a single hearing before Judge Bowen on September 22, 1972. At the conclusion of the hearing, the judge

denied Laura's motion for alimony and increased child support, and dismissed her independent suit for alimony.

2. *Alimony.*

At common law there is no right to seek an amendment of a divorce decree regarding alimony. That rule was judicially adopted in Nevada in Sweeney v. Sweeney, 42 Nev. 431, 438, 179 P. 638, 639 (1919):

"There is nothing peculiarly applicable to a divorce proceeding which gives a court jurisdiction to amend or alter a final judgment. A decree a vinculo is final, and the jurisdiction of the court over the parties is after the expiration of the term at an end; and just as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as it often is. Stewart on Marriage and Divorce, secs. 366, 376. But where there is no such statute (and we have none), and where the decree does not reserve the right to the court (as it does not here) to alter the decree for alimony, no such authority exists. Howell v. Howell, 104 Cal. 45, 37 Pac. 771, 43 Am.St.Rep. 70; Egan v. Egan, 90 Cal. 15, 27 Pac. 22; Ruge v. Ruge, 97 Wash. 51, 165 Pac. 1063, L.R.A. 1917F, 721; Kamp v. Kamp, 59 N.Y. 212. . . ."

Later, however, in Folks v. Folks, 77 Nev. 45, 359 P.2d 92 (1961), in interpreting two Nevada statutes (Stats. Nev. 1947, ch. 70, § 1, at 271, now NRS 125.140; and Stats. Nev. 1949, ch. 79, § 1, at 98–99, now NRS 125.170), this court ruled that the trial court could at any time modify or vacate provisions for unaccrued alimony. But this alteration of the Sweeney rule was short-lived. The Nevada Legislature quickly amended NRS 125.170 to make it clear that unless the trial court expressly retained jurisdiction regarding alimony installments, it is powerless to amend judgments for nonaccrued alimony or support of the wife.[1]

---

[1]NRS 125.170:

"1. In divorce actions, installment judgments for alimony and support of the wife shall not be subject to modification as to accrued installments. Installments not accrued at the time a motion for modification is filed shall not be modified unless the court expressly retained jurisdiction for such modification at the final hearing. The provisions of this subsection apply to all such installment judgments whether granted before or after July 1, 1961.

"2. The provisions of this section shall not preclude the parties from entering into a stipulation as to accrued installments prior to the time a motion for modification is filed."

Judge Bowen, in granting Richard a divorce, refused to order him to pay alimony or support to Laura, and in doing so the court did not expressly retain jurisdiction regarding alimony. Laura received prompt notice of the divorce decree; yet she did nothing to modify its provisions for almost 22 months, when she filed her present motion for alimony and then, 10 months later, a separate action seeking support. Rule 60 of the Nevada Rules of Civil Procedure is controlling in the instant case. Since Laura was personally served with a copy of the complaint and summons, she could have, within 6 months from the granting of the divorce, moved to set aside the decree and have her day in court in Nevada.[2] She chose not to do so. We believe that she should be precluded from doing so now. The court had jurisdiction over Richard, and the court could have ordered him to pay alimony if Laura had elected to appear and assert her claim. She did not do so, nor did she move to set aside her default within the 6 months provided by Rule 60. We

---

[2]NRCP 60, in relevant part:

"(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a callateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

"(c) Default Judgments: Defendant Not Personally Served.  When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representative to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdvision (b) of this rule."

hold that she is barred from doing so, and affirm the lower court's order rejecting Laura's motion and action for alimony.

3. *Child Support.*

Under NRS 125.140(2), the court retains jurisdiction during the minority of children of a marriage to make appropriate orders regarding the care and support of such children, even if the divorce was obtained by default without an appearance by one of the parties.[3]

As this court has said on numerous occasions, the latest being Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974), we will not disturb the lower court's ruling when the record contains evidence supporting the court's ruling. The trial court is expected to call on his knowledge, training, and experience in making such orders. Fenkell v. Fenkell, 86 Nev. 397, 402, 469 P.2d 701, 704 (1970). The unrefuted evidence in this record shows that as Marc grew older he has required expenditures for health and dental care. He has greater school expenses. He is involved in athletic and musical activities. The record also demonstrates that Laura is financially unable to adequately provide for her son. Indeed, it is unrefuted that Laura is receiving Aid for Dependent Children for Marc in Massachusetts. Finally, it is conceded that Richard is a doctor of medicine with a successful and lucrative practice in the Reno area. The record does not tell us why the learned judge refused to increase the $125 monthly child support allowance awarded in 1969. Under the factual posture presented, the record suggests a possible abuse of discretion in the instant case on the question of child support. We therefore must remand the case on this issue with instructions to reconsider Laura's motion for increased child support, and in the absence of any increase we direct the court to set forth with reasonable specificity the reason for failure to do so. Otherwise, we affirm the orders entered below.

GUNDERSON and ZENOFF, JJ., concur.

---

[3]NRS 125.140(2):

"2. In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same, even if the divorce was obtained by default without an appearance in the action by one of the parties. The party seeking such order shall submit to the jurisdiction of the court for the purposes of this subsection. The court may make such an order upon the application of one of the parties or the legal guardian of the minor."

BATJER, J., concurring with the majority in the result:

I believe the district court committed error when it concluded as a matter of law that it lacked jurisdiction to hear the independent suit brought by the appellant or to hear the motion by her for an award of alimony. The original decree [judgment] entered on December 15, 1969, was not *res judicata* on the subject of alimony. Furthermore, alimony is a proper subject to be decided by the district court (NRS 125.150) and in these proceedings it had jurisdiction over both parties who were physically present and testified.

That part of the original decree providing that "no alimony is awarded to defendant" [Laura A. Cavell] is void. At the time it was entered the district court did not have the required *in personam* jurisdiction to reach any decision on the question of alimony, although it was raised in the original complaint. Vanderbilt v. Vanderbilt, 354 U.S. 416, 418–419 (1957). Cf. Armstrong v. Armstrong, 350 U.S. 568 (1956).

Additionally, the district court erred when it concluded that the appellant had, without just cause, failed for an unreasonable period of time to seek relief with regard to the award of alimony or support. Laches is an affirmative defense which must be specially pleaded (NRCP 8(c)) and if not so pleaded it is waived. NRCP 12(b) and (h); Marschall v. City of Carson, 86 Nev. 107, 111, 464 P.2d 494 (1970); Coray v. Hom, 80 Nev. 39, 389 P.2d 76 (1964); Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523 (1959). Here, laches was not raised as an affirmative defense, moreover laches implies more than the mere lapse of time. Where the statute of limitations has not run there must be some actual or presumed change of circumstances to render it inequitable to grant relief. Miller v. Walser, 42 Nev. 497, 181 P. 437 (1919); Cooney v. Pedroli, 49 Nev. 55, 63, 235 P. 637 (1925). The record reveals no such change in circumstances favoring the respondent, but only that he enjoyed a more successful and affluent medical career.

In spite of its errors the district court proceeded to conduct a full hearing and appellant was allowed ample latitude to testify regarding her past, present and future financial situation. Only when she began to testify about her parents' physical and financial status did the district court restrict her testimony. After the hearing the court specifically found appellant was not entitled to an award of alimony. Although I do not necessarily agree with that finding we cannot substitute our judgment for that of the trial court on conflicting evidence. Engleman v. Royal Insurance Co., 56 Nev. 319, 51 P.2d 417 (1935). Here, there is sufficient evidence in the record to support the district

court's finding and it should not be disturbed on appeal. Sala & Ruthe Realty, Inc. v. Deneen, 89 Nev. 98, 507 P.2d 140 (1973); Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972); Jensen v. Brooks, 88 Nev. 651, 503 P.2d 1224 (1972); Ormachea v. Ormachea, 67 Nev. 273, at 280, 217 P.2d 355 (1950); Thompson v. Tonopah Lumber Co., 37 Nev. 183, at 188, 141 P. 69 (1914).

THOMPSON, C. J., dissenting:

NRCP 60(b)(3) allows a court to relieve a party from a final judgment that is void. Such a judgment may be challenged at any time. Dredge Corp. v. Peccole, 89 Nev. 26, 505 P.2d 290 (1973); Foster v. Lewis, 78 Nev. 330, 337, 372 P.2d 679 (1962); La Potin v. La Potin, 75 Nev. 264, 266, 339 P.2d 123 (1959). The Nevada divorce decree explicitly declared that the wife was not entitled to an award of alimony. This aspect of the divorce judgment now is challenged as void. The challenge is good.

The Nevada divorce court was without power to adjudicate the wife's right to support since it did not possess essential in personam jurisdiction. Indeed, the court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and the husband was not subject to the divorce court's jurisdiction. These principles are solidly established. Vanderbilt v. Vanderbilt, 354 U.S. 416, 418–419 (1957); Armstrong v. Armstrong, 350 U.S. 568 (1956). Consequently, that part of the decree is absolutely void. The former wife should now be granted access to the Nevada court to litigate her entitlement, if any, to alimony. She has not enjoyed her day in court on that issue. Cf. Portnoy v. Portnoy, 81 Nev. 235, 238, 401 P.2d 249 (1965).

The old case of Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638 (1919), is not relevant to this case. There, both parties appeared before the divorce court and an award of alimony was made. This court ruled that the divorce court was precluded thereafter from modifying the alimony award absent an express reservation of the power to do so. NRS 125.170(1) codifies the Sweeney rule. Obviously, neither Sweeney nor the statute governs the case where the court lacked power to adjudicate the right to alimony in the first instance.

Respectfully, I dissent.