J. Louis CORRIGAN, Jr.,
Plaintiff–Appellant,

v.

R. JAEGER, Officer; et al.,
Defendants–Appellees.

No. 01–16903.
D.C. No. CV–99–01133–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM**

J. Louis Corrigan, Jr. appeals pro se the
district court's summary judgment in favor
of the defendants in his 42 U.S.C. § 1983
action alleging that his rights were violat-
ed when a Las Vegas police officer and
casino security guards took him into custo-
dy following a citizen's arrest for pouring a
drink on a casino patron's head. We have
jurisdiction pursuant to 28 U.S.C. § 1291.
We review de novo, *Frost v. Agnos,* 152
F.3d 1124, 1128 (9th Cir.1998), and we
affirm.

Summary judgment on Corrigan's First
Amendment claims was proper because
Corrigan failed to raise a genuine issue of
material fact as to whether his conduct
constituted speech protected by the First
Amendment. *See NAACP v. Claiborne
Hardware Co.,* 458 U.S. 886, 916, 102 S.Ct.
3409, 73 L.Ed.2d 1215 (1982) (holding that
the Constitution does not protect expres-
sive conduct characterized by violence).

Summary judgment on Corrigan's
Fourth and Fourteenth Amendment claims
was proper because Corrigan failed to
raise a genuine issue of material fact as to
whether the citizen's arrest was made
without probable cause, *see Marschall v.
City of Carson,* 86 Nev. 107, 464 P.2d 494,
498 (Nev.1970), or whether Officer Jaeger
was entitled to qualified immunity, *see
Hutchinson v. Grant,* 796 F.2d 288, 290
(9th Cir.1986).

Summary judgment on Corrigan's
Eighth Amendment claim was proper be-

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

cause Corrigan failed to raise a genuine issue of material fact as to whether any of the defendants were personally involved in the alleged deprivations. *See Jones v. Williams,* 286 F.3d 1159, 1163 (9th Cir. 2002).

Corrigan's contention that the district court's summary judgment violated his Seventh Amendment right to a jury trial lacks merit. *See Sengupta v. Morrison–Knudsen Co., Inc.,* 804 F.2d 1072, 1077–78 n. 3 (9th Cir.1986) (holding that the Seventh Amendment right to a jury trial does not preclude summary judgment where there is no genuine issue of material fact).

The district court properly dismissed Corrigan's pendent state claims without prejudice. *See Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 651 (9th Cir.1984).

Jaeger's claim for attorney fees and costs pursuant to 42 U.S.C. § 1988 is denied without prejudice to renewal. *See* Ninth Circuit Rule 39–1.

Horseshoe Operating Company's "Motion for Leave to Join in Brief and Arguments Put Forward by Appellee Jaeger in his Answering Brief" is granted.

**AFFIRMED.**