An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONNA-MAREE WARD,
Appellant,
vs.
MICHAEL ALAN HOOBLER,
Respondent.

No. 58697

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court post-divorce decree order denying an NRCP 60(b) motion. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

In the divorce decree, the district court ordered, based on the agreement of the parties, that the parties would share their community debt equally and that neither party owed the other spousal support. One month after the divorce decree was entered, respondent filed a Chapter 7 bankruptcy petition, apparently without notifying appellant. Thereafter, because respondent had failed to make payments on the community debt and appellant feared that he may file for bankruptcy, she moved the district court to hold respondent in contempt of the divorce decree and also to modify or set aside the decree for fraud or mistake under NRCP 60(b). Specifically, appellant requested that the court modify the decree to award her spousal support in the amount of respondent's share of the community debt so that he would not be able to discharge the obligation in a bankruptcy proceeding. In respondent's opposition to appellant's NRCP 60(b) motion, he confirmed that he had already filed a petition for bankruptcy. Appellant replied that his filing for bankruptcy confirmed that in the divorce proceeding, respondent had fraudulently

13-10838

misrepresented his ability to pay half of the community debt and that appellant would not have agreed to waive spousal support if respondent had been truthful about his financial situation. The district court denied appellant's motion, concluding that no spousal support could be awarded because it had been waived in the divorce decree and finding that the bankruptcy stay prevented it from proceeding with the remaining issues.

On review of appellant's opening brief and the record, we conclude that the district court abused its discretion in denying appellant's motion to modify or set aside the divorce decree. See Cook v. Cook, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (explaining that this court will not disturb the denial of a motion to set aside a judgment under NRCP 60(b) absent an abuse of discretion). In particular, the district court abused its discretion by concluding that appellant had waived alimony without considering the merits of appellant's argument that NRCP 60(b) relief was warranted because respondent had fraudulently misrepresented his ability to pay his share of the community debts and because she would not have agreed to waive spousal support if not for that misrepresentation. See Williams v. Waldman, 108 Nev. 466, 471, 836 P.2d 614, 617-18 (1992) (providing that a district court abuses its discretion when it fails to apply the correct legal standard); see also, generally Cavell v. Cavell, 90 Nev. 334, 337, 526 P.2d 330, 331-32 (1974) (recognizing that a timely NRCP 60(b) motion may be appropriate to set aside a divorce decree). Moreover, to the extent that appellant sought to create a spousal support obligation, the bankruptcy stay did not prevent the district court from addressing

that issue.[1] See 11 U.S.C. § 362(b)(2)(A)(ii) (Supp. 2010) (providing that the automatic stay in bankruptcy actions does not stay "the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations"); see also Shin v. Shin, 27 P.3d 398, 401 (Haw. 2001) (explaining that the automatic bankruptcy stay does not apply to the portion of the divorce action regarding alimony, maintenance, or support unless the party is attempting to collect alimony, maintenance, or support from the bankruptcy estate). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]While the district court properly concluded that it could not address the property distribution and the motion for contempt while the bankruptcy stay was in effect, we note that the district court incorrectly concluded that appellant had failed to request that her $4,000 debt to respondent be set aside, in her NRCP 60(b) motion.

cc: Hon. Sandra L. Pomrenze, District Judge, Family Court Division
Michael A. Root
Michael Alan Hoobler
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4