# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN NORTHROP,
Appellant,
vs.
THE STATE OF NEVADA, DIVISION
OF WELFARE AND SUPPORTIVE
SERVICES; AND TAMMY
GOODNIGHT,
Respondents.

No. 64589

**FILED**

MAY 2 6 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order resolving child support arrears and modifying child support. Second Judicial District Court, Washoe County; Bridget Robb Peck, Judge.

Following the divorce of appellant Kevin Northrop and respondent Tammy Goodnight, the former couple entered into a marital settlement and child custody agreement in 2004, in which Northrop agreed to pay $500 per month in child support. When Northrop fell behind on payments, Goodnight and the Division of Welfare and Supportive Services (DWSS) filed a notice of intent to enforce Northrop's child support payment. In 2005, a court master recommended a principal judgment against Northrop for child support arrears that would require him to make monthly arrears payments in addition to his ongoing monthly $500 child support obligation. The district court entered an order approving the master's recommendations.

In November 2006, Northrop was incarcerated for an unrelated crime, at which time his previously sporadic payments ceased altogether. In December 2012, DWSS and Goodnight filed a notice of telephonic hearing and motion to modify the child support order. In

16-16626

January 2013, a court master made the following findings and recommendations: (1) award DWSS arrears to be paid at $75 per month, (2) reduce Northrop's child support obligation to $100 per month, (3) order Northrop to pay monthly health insurance premiums, and (4) prevent interest from accruing while Northrop remained incarcerated—with all payments to begin the first full month after Northup's release from prison. Northrop objected to the court master's findings and recommendations. DWSS filed a motion to dismiss the matter due to Northrop's failure to include an application to set the matter for a hearing pursuant to Washoe District Court Rule 32(2). The district court issued an order denying Northrop's objection to the court master's findings and recommendations. Northrop filed the instant appeal challenging the district court's order.

When the district court is asked to enter a judgment for arrears in child support or alimony payments, this court reviews the district court's decision for an abuse of discretion. *Folks v. Folks*, 77 Nev. 45, 47-48, 359 P.2d 92, 93-94 (1961), *superseded by statute on other grounds as stated in Cavell v. Cavell*, 90 Nev. 334, 336, 526 P.2d 330, 331 (1974). However, this court reviews questions of law, such as the sufficiency of pleadings, de novo. *See Sadler v. Pacificare of Nev., Inc.*, 130 Nev., Adv. Op. 98, 340 P.3d 1264, 1266 (2014).

First, Northrop argues that enforcing arrearages against him was barred by the doctrine of laches due to DWSS's six-year delay in bringing the action while he was incarcerated, and that the district court abused its discretion in failing to address this argument. Indeed, we conclude that the district court abused its discretion in failing to address the equitable defense raised by Northrop. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that pro se pleadings should be held "to less

stringent standards than formal pleadings drafted by lawyers"); *see also Parkinson v. Parkinson*, 106 Nev. 481, 483, 796 P.2d 229, 231 (1990) (concluding that a party is permitted to assert equitable defenses in a proceeding to enforce or modify an order for child support), *abrogated on other grounds by Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009); *Willmes v. Reno Mun. Court*, 118 Nev. 831, 835, 59 P.3d 1197, 1200 (2002) (concluding that a court's failure to exercise its available discretion can constitute a manifest abuse of discretion). However, we further conclude that the district court's failure to consider the equitable defense was harmless because DWSS's enforcement efforts were not barred by the doctrine of laches. *Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008) ("To determine whether a challenge is barred by the doctrine of laches, this court considers (1) whether the party inexcusably delayed bringing the challenge, (2) whether the party's inexcusable delay constitutes acquiescence to the condition the party is challenging, and (3) whether the inexcusable delay was prejudicial to others."). The *Miller* factors support rejecting Northrop's laches argument. While DWSS's delay may have been prejudicial to Northrop pursuant to the third factor, the delay was not inexcusable, nor did it constitute acquiescence. Goodnight and DWSS sought to enforce the judgment in 2012. *See* NRS 125B.145(1), (4) (requiring that the court review a support order every three years *upon a party's request* or anytime on the basis of changed circumstances, but not requiring either party to make such a request within a certain timeframe).

Second, Northrop argues that DWSS failed to provide him with proper notice of the enforcement proceeding. We decline to address this argument because Northrop raises it for the first time on appeal. *See*

*Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52-53, 623 P.2d 981, 983-84 (1981) (concluding that failure to object below bars review on appeal).

Third, Northrop argues that the order enforcing child support improperly included interest. We disagree. The district court acted within its discretion by approving the court master's findings regarding interest payments. *See M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 916, 193 P.3d 536, 546 (2008) (noting that this court generally reviews an award of interest for abuse of discretion); *see also Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538-39 (2010) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." (internal quotation marks omitted)). The court master engaged in a thoughtful discussion with Goodnight about the merits of imposing interest payments on the arrearages and decided to waive interest during Northrop's incarceration, but require Northrop to pay interest that had already accrued. *See* NRS 125B.140(2)(c)(1) ("The court shall determine and include in its order . . . [i]nterest upon the arrearages at a rate established pursuant to NRS 99.040, from the time each amount became due . . . unless the court finds that the responsible parent would experience an undue hardship if required to pay such amounts.").

Fourth, Northrop argues that the district court erred in approving the court master's recommendation because the recommendation was prospective in nature. We agree, and conclude that the district court ignored Nevada's statutory scheme when it approved the court master's prospective recommendation for child support. *See Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1215, 197 P.3d 1051, 1057 (2008) (noting that appellate issues involving purely

legal questions are reviewed de novo). Further, DWSS failed to adequately contest Northrop's argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that if a party neglects to fulfill his or her "responsibility to cogently argue, and present relevant authority, in support of his [or her] appellate concerns," this court need not consider those claims).

Specifically, the district court approved the findings and recommendations made by the court master. The court master made a written finding that Northrop was unable to pay the minimum amount of $100 pursuant to NRS 125B.080(4) due to his incarceration, and still recommended that he pay the statutory minimum of $100 monthly upon his release. *Sanders v. State*, 119 Nev. 135, 141-42, 67 P.3d 323, 328 (2003) (concluding that a court may "take incarceration into account when determining whether an individual is excused from paying child support"). Thus, the court master's recommendation was not based on Northrop's gross monthly income at the time of the January 2013 hearing as defined by NRS 125B.070(1)(a). Instead, the recommendation was presumably based on the court master's projection of Northrop's gross monthly income upon the unspecified future date of his release from prison, though the court master made no findings as to Northrop's future ability to secure employment. Such a recommendation ignores NRS 125B.080(4), which provides that a court should not impose the statutory minimum if it also makes a written finding that the obligor is unable to pay. Further, the recommendation subverts the plain language of NRS 125B.145(4), under which "[a]n order for the support of a child may be reviewed at any time on the basis of changed circumstances." For example, should Northrop remain unable to earn an income upon his release and seek modification,

he would be required to take the matter to court and argue that circumstances have *not* changed—specifically, that he is still unable to pay the arrearages—rather than arguing that circumstances *have* changed. We therefore conclude that the master's findings and recommendations create practical concerns, and the district court erred in approving those findings and recommendations.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Bridget Robb Peck, District Judge
       Mario D. Valencia
       Attorney General/Reno
       Washoe District Court Clerk

_____

[1]On remand, we instruct the district court to remand the matter to the court master for recommendations that comport with Nevada's statutory child support scheme, as delineated in this order.

[2]We have considered the parties' remaining arguments and conclude that they are without merit.