NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYAN HISER,<br><br>        Plaintiff – Appellant<br><br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DIRECTOR GREG COX; WARDEN DWIGHT NEVEN; ASSISTANT WARDEN TIMOTHY FILSON; WARDEN RENEE BAKER; CASEWORKER WILLIAM KULOLOIA; CASEWORKER LEAVITT; CASEWORKER FALSZECK; et al.<br><br>        Defendants – Appellees | No. 15-17450<br><br>D.C. No. 2:15-cv-00814-RCJ-PAL<br><br>MEMORANDUM[1] |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

---

[1] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BEA and HURWITZ, Circuit Judges, and MOTZ,** Senior District Judge.

Bryan Hiser appeals a summary judgment in favor of the Las Vegas Metropolitan Police Department ("LVMPD") and an order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) by the Nevada Department of Corrections ("NDOC") and several individual defendants. Hiser argues that the district court erred in: (1) granting summary judgment to the LVMPD on his state-law claim for false imprisonment and *Monell* claim; (2) dismissing Hiser's claims against NDOC and the individual defendants for failure to allege a constitutional violation; and (3) denying his motions to extend discovery and amend his complaint. For the reasons stated below, we affirm in part and reverse in part.

1.     The district court did not err in granting summary judgment to LVMPD on Hiser's state-law claim for false imprisonment. To recover for false imprisonment under Nevada law, it is "necessary to prove that the person be restrained of his liberty under the probable imminence of force without any legal cause or justification." *Marschall v. City of Carson*, 464 P.2d 494, 497 (Nev. 1970). Regardless whether Hiser was under a judgment of conviction or sentence, he was indisputably under a valid indictment for burglary. Because the state has a

---

** The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

right to hold pretrial detainees under indictment in custody, Hiser was not falsely imprisoned.

2. The district court did not err in granting summary judgment to the LVMPD on Hiser's *Monell* claim. A plaintiff may sue local entities directly under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002). A plaintiff must establish both that an official policy or custom exists and that the policy "evince[s] a 'deliberate indifference' to the constitutional right and [is] the 'moving force behind the constitutional violation.'" *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (citation omitted). Hiser offered no evidence that the LVMPD had a custom or policy of subjecting pretrial detainees to solitary confinement without a legitimate purpose.

3. The district court also did not err in granting the motion to dismiss as to NDOC. As an initial matter, Hiser did not raise a *Monell* claim against NDOC in his complaint. Moreover, Hiser failed to allege any facts to support a claim that NDOC had any custom or policy of subjecting pretrial detainees to solitary confinement without a legitimate purpose.

3

4.     However, the district court erred in dismissing Hiser's § 1983 claim against the individual prison officials who placed him in solitary confinement when he complained that his transfer to a state prison violated a state court order. Hiser alleged facts sufficient to raise a plausible inference that he was a pretrial detainee when he was placed in solitary confinement because the state court judge had vacated Hiser's judgment of conviction and sentence. Hiser also alleged facts sufficient to raise a plausible inference that the prison officials who placed him in solitary confinement violated his constitutional rights. "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id.* at 538–39 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963)); *see also Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004). Hiser alleged that prison officials placed him in solitary confinement as punishment for complaining that his transfer to state prison violated a state court order. Those allegations raise a

plausible inference that the prison officials who placed Hiser in solitary confinement violated Hiser's due process rights as a pretrial detainee.

5. Hiser argues for the first time on appeal that he also pleaded a plausible First Amendment violation. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). Because Hiser's original complaint did not include a First Amendment claim and the district court had not yet had the opportunity to consider a proposed amended pleading, we decline to address that argument, without prejudice to Hiser seeking leave on remand to amend to plead such a claim.

6. The district court abused its discretion in denying Hiser's motion to extend the discovery deadline. The party moving for extended time to take discovery under Rule 56(d) bears the burden "to proffer sufficient facts to show that the evidence sought exists, and that it would prevent [dismissal]." *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir 2001). Hiser requested an extension of the discovery deadline to identify and name the individual prison officials who placed him in solitary confinement after his transfer to a state prison.

There is no question that the names of those prison officials exist. Moreover, the proper naming of those prison officials would have prevented dismissal of Hiser's constitutional claims against the officials.

7.      The district court also abused its discretion in denying Hiser's motion to amend his complaint. A party may amend its pleading with leave of the court, and leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). If his motion to amend had been granted, Hiser could, after discovery, have named the specific prison officials who had placed him in solitary confinement for complaining that his transfer to a state prison violated a state court order and cured any deficiencies in the constitutional claims he raised against those officials. The district court abused its discretion when it denied Hiser the opportunity to do so.

**AFFIRMED IN PART; REVERSED IN PART.**